MISSOURI TIE & LUMBER CO. *v.* SULLIVAN.

CORNELIUS *v.* SAME.

1. GARNISHMENT—ATTACHMENT.

Garnishment is, in purpose and effect, in the nature of attachment.

2. SAME—JUDGMENT—EXECUTION.

Execution may issue upon a judgment against a garnishee defendant (3 Comp. Laws 1929, § 14886).

3. STATE—EXECUTION.

No execution can issue against State property or funds.

4. SAME—COURTS—PROCESS—STATUTES.

A sovereign State is immune from process of its own courts, except as specifically authorized by statute.

5. SAME—JUDGMENT—GARNISHMENT—BOARD OF STATE AUDITORS.

A circuit court has power to enter judgments against the State but no power to enforce payment thereof through garnishment of State funds in a depository, plaintiffs, in such case, being remitted to collection of their judgment through board of State auditors (Const. 1908, art. 6, § 20; Comp. Laws 1929, §§ 264, 14902).

6. GARNISHMENT—STATE—AUDIT OF CLAIMS AGAINST STATE.

Garnishment cannot be permitted to serve in place of audit and duly authorized warrant in the disposition of State funds (Const. 1908, art. 6, § 20; Comp. Laws 1929, §§ 264, 14902).

POTTER, J., dissenting.

Appeal from Kent; Brown (William B.), J. Submitted January 16, 1936. (Docket Nos. 89, 90, Calendar Nos. 38,494, 38,495.) Decided March 2, 1936.

Separate garnishment proceedings by the Missouri Tie & Lumber Company and Philip C. Cor-

nelius against Henry W. Sullivan, principal defendant, and State of Michigan, garnishee defendant. Default judgments against garnishee defendant State of Michigan. Garnishment by plaintiffs against State of Michigan, principal defendant, and Old Kent Bank, garnishee defendant. Judgments for plaintiff against garnishee defendant Old Kent Bank. State of Michigan appeals. Reversed.

*Charles H. Lillie,* for plaintiff Cornelius.

*David H. Crowley,* Attorney General, *Edmund E. Shepherd* and *Weston L. Sheldon,* Assistants Attorney General, for the State of Michigan.

WIEST, J.   The statute, 3 Comp. Laws 1929, § 14902, subjects the State of Michigan to process of garnishment as follows:

''All corporations of whatsoever nature, the State of Michigan and every county therein, may be served and proceeded against as garnishees in the same manner and with like effect as individuals under the provisions of this chapter and the rules of law relative to proceedings against corporations.''

The two cases at bar present the question whether the plaintiffs, being judgment creditors of the State of Michigan, may legally collect such judgments by garnishment proceedings against the funds and property of the State of Michigan.

Plaintiffs sued Henry W. Sullivan, an employee of the State, and obtained judgments, upon which they sued out writs of garnishment against the State of Michigan under the mentioned statute. The State failed to make disclosures and judgments passed against the State. Upon these judgments against the State, writs of garnishment were sued out by the

plaintiffs against the Old Kent Bank to reach State funds there on deposit. The bank made disclosures of having State funds and the court entered judgments upon the disclosures, overruling the motion of the State to dismiss the writs.

The judgments against the State of Michigan, on its liability as garnishee of Sullivan, are not here questioned, but the collection of these judgments by garnishment of State funds in a depository of the State is questioned.

Does the statute, subjecting the State to process of garnishment upon judgments against others, extend beyond entry of judgment against it as a garnishee and admit of further garnishment process thereon in attachment of State funds in a depository?

Garnishment is, in purpose and effect, in the nature of attachment. *Posselius* v. *First National Bank—Detroit,* 264 Mich. 687 (90 A. L. R. 342).

The general statute relative to garnishment permits execution to issue upon a judgment against a garnishee defendant.* No execution can issue against State property or funds. So held in *Carter* v. *State of Louisiana,* 42 La. Ann. 927 (8 South. 836, 21 Am. St. Rep. 404), where the legislature had authorized a party to sue the State.

In *Westinghouse Electric & Manfg. Co.* v. *Chambers, State Controller,* 169 Cal. 131 (145 Pac. 1025), it was held, quoting syllabus:

"A judgment against the State, in cases wherein the State has permitted actions to be maintained against it, merely liquidates and establishes the claim against the State, and, in the absence of an express statute so providing, such judgment cannot be collected by execution against the State or its

---

* See 3 Comp. Laws 1929, § 14886.—Reporter.

property, or by any of the ordinary processes of law provided for the enforcement of judgments.''

It is elementary that the sovereign State is immune from process of its own courts, except as specifically authorized by statute. The court had power to enter the judgments against the State but no power to enforce payment thereof through garnishment of State funds in a depository. Upon the judgments against the State for its liability as garnishee no direct levy could be made upon State funds, credits or property to obtain satisfaction thereof. This being true, may the funds of the State or credits in a State depository be attached by garnishment? An affirmative answer must rest upon implication, drawn from the permission to make the State a garnishee. A negative answer is predicated upon other applicable law and prescribed method for collecting obligations of the State.

Upon obtaining their judgments against the State plaintiffs were remitted, by law, to collection thereof through presentation of such adjudged liability to the board of State auditors and could not treat the State like a principal judgment debtor and sue out writs of garnishment to reach State funds or property in satisfaction of the judgments.

The Constitution of 1908, art. 6, § 20, provides:

''The secretary of State, State treasurer and commissioner of the State land office (superintendent of public instruction) shall constitute a board of State auditors. They shall examine and adjust all claims against the State not otherwise provided for by general law.''

Section 264, 1 Comp. Laws 1929, sets up machinery for settlement and adjustment by the board of State

auditors of all debits, credits, claims and demands against the State.

Garnishment cannot be permitted to serve in place of audit and duly authorized warrant in the disposition of State funds.

The writs under consideration constituted ancillary process upon the judgments against the State. This should not have been permitted, and the court was in error in refusing to dismiss the writs.

The judgments against the Old Kent Bank are reversed and the writs of garnishment dismissed, with costs against plaintiffs.

North, C. J., and Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred with Wiest, J.

Potter, J. (*dissenting*). I adhere to the opinion that there was no legal service.

Toy, J., did not sit.