LUCKING *v.* PEOPLE.

1. EQUITY—PLEADING—MOTION TO DISMISS.
    Well-pleaded material allegations of fact must be taken as true on motion to dismiss a suit in equity.

2. STATES—CONSENT TO SUE—TAXATION OF UNIVERSITY.
    A taxpayer may not sue the State for the purpose of compelling the State to account to and pay to the city in which the university is located moneys expended by the city for police and fire protection and other services rendered by the city to the board of regents of the university without the express consent of the State to such suit.

3. TAXATION—TAXPAYER'S   SUIT—JUDGMENT—ENFORCEMENT—UNIVERSITY.

> A money judgment could not be entered in a suit by a taxpayer to cause university property to be placed on the tax rolls of the city where located and for an accounting as to taxable property not used solely for educational purposes, and if entered, could not be enforced.

4. MANDAMUS—STATE OFFICERS—CIRCUIT COURT—EQUITY.

> Mandatory relief against a State officer may not issue in a circuit court in a chancery suit (3 Comp. Laws 1929, § 15186).

5. SAME—PERMISSIVE   STATUTE—REGENTS   OF   UNIVERSITY—CONTRACTS FOR MUNICIPAL SERVICES.

> Statute *permitting* the board of regents of the university and other public agencies to contract for the furnishing of sewage and garbage disposal facilities, lights, water, fire protection, and other public facilities does not form a basis for decree in taxpayer's suit to *compel* the board to enter into such contracts (1 Comp. Laws 1929, § 441 *et seq.*).

6. TAXATION—EXEMPTIONS—PUBLIC PROPERTY.

> The lands, building and equipment under the management, supervision and control of the board of regents of the university are public property, owned by the State, and are exempt from property tax (1 Comp. Laws 1929, § 3395, as last amended by Act No. 24, Pub. Acts 1946 [1st Ex. Sess.]).

7. COLLEGES AND UNIVERSITIES—MAINTENANCE—EQUITY—MUNICIPAL CORPORATIONS—TAXATION.

> Provision of Constitution requiring legislature to maintain the university does not put it within the province of a court of equity to compel the city in which the university is located to levy a tax upon the university property to provide for police and fire protection and other services provided by the city (Const. 1908, art. 11, § 10).

8. TAXATION—EXEMPTIONS—UNIVERSITY PROPERTY.

> The tax-levying authority of the State, vested in the legislature necessarily includes the power to exempt property from taxation and in the absence of any limitation on such power of exemption, the exemption of State-owned property under the board of regents of the university is not unconstitutional (1 Comp. Laws 1929, § 3395, as last amended by Act No. 24, Pub. Acts 1946 [1st Ex. Sess.]).

9. SAME—EXEMPTIONS—CONSTITUTIONAL LAW.

> The legislative classification of property into tax exempt and nonexempt categories does not in itself necessarily offend the

due process or equal protection clauses of either the State or Federal Constitutions (U. S. Const. am. 14; Mich. Const. 1908, art. 2, §§ 1, 16; 1 Comp. Laws 1929, § 3395, as last amended by Act No. 24, Pub. Acts 1946 [1st Ex. Sess.]).

10. SAME—LEVYING OF TAXES—DISCRETION OF OFFICERS—UNIVERSITY.

The levying of city taxes is a matter of city concern to be exercised by proper authorities of the city, not by a taxpayer, and a court of chancery cannot substitute its judgment for that of such authorities, or the board of regents of the university located in such city, as to whether taxes should be levied or contracts entered into to provide for furnishing of various facilities by the city.

11. COSTS—PUBLIC QUESTION—MUNICIPAL CORPORATIONS—UNIVERSITY—TAXATION.

No costs are allowed in taxpayer's suit against the State, board of regents of the university and city to compel taxation of State-owned property by city, a public question being involved.

Appeal from Washtenaw; Toms (Robert M.), J., presiding. Submitted January 16, 1948. (Docket No. 41, Calendar No. 43,600.) Decided April 5, 1948. Rehearing denied May 18, 1948.

Bill by William Alfred Lucking, as one of the testamentary trustees of Alfred Lucking, deceased, against the people of the State of Michigan, the Regents of the University of Michigan and the City of Ann Arbor to require the placing of certain property of University of Michigan on the tax roll and for other relief. Bill dismissed as to people of the State of Michigan and Regents of the University of Michigan. Plaintiff appeals. Affirmed.

*William Alfred Lucking,* for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Archie C. Fraser,* Assistant Attorney General, for People of State of Michigan.

*Burke, Burke & Smith,* for Regents of University of Michigan.

BOYLES, J. Plaintiff herein, as a resident of Washtenaw county and one of the testamentary trustees of the estate of Alfred Lucking, deceased, the owner of real estate in the city of Ann Arbor, filed this bill of complaint in the circuit court for the county of Washtenaw in chancery, said to be on behalf of himself and all other taxpayers of said city, and naming as defendants the people of the State of Michigan, the regents of the university of Michigan, and the city of Ann Arbor. The prayer of the bill seeks the following relief:

That the board of regents of the university be estopped from claiming that the lands, buildings and equipment of the university within the city limits are exempt from taxation by said city; that said property be placed upon the general tax rolls of said city; that the university hospital, the athletic buildings and stadium, the Michigan Union and the Michigan League buildings, and the Hill auditorium, not used solely for educational purposes, be placed upon said tax rolls; that an accounting of the purposes and uses and values of all other university property be had and that their taxability or nontaxability be determined by the court; that the defendants State of Michigan and regents of the university be required to account to the city of Ann Arbor for all sums of money expended since the enactment of the Michigan Constitution (1908) for the protection, support, upkeep and maintenance of the lands, buildings and equipment of the university within the corporate limits of said city of Ann Arbor, and that final "judgment" be entered therefor against the State of Michigan and said board of regents; that the State of Michigan and the said board of regents be enjoined from claiming any exemption from taxa-

tion in the future except as an educational corporation or institution, and then only as to such lands, buildings and equipment as are occupied and used solely for educational purposes; that the exemption from taxation by the city of Ann Arbor of the property of the university of Michigan within the city limits be decreed to be invalid as the taking of said city's property and its taxpayers' property without due process of law and without the equal protection of the laws; that the tax exemption statutes of the State of Michigan be adjudged to be unconstitutional as a violation of the 14th amendment of the Federal Constitution, and the Constitution of Michigan; that a "judgment" be entered against the people of the State of Michigan and the board of regents of the university in favor of the city of Ann Arbor for all sums expended by said city to maintain the university of Michigan since the effective date of the Michigan Constitution (1908); that the city of Ann Arbor be required to protect and enforce the rights and interests of the taxpayers of said city as against the people of the State of Michigan and the board of regents of the university; that the court require the people of the State of Michigan and the board of regents of the university to account to the plaintiff and the city of Ann Arbor for the reasonable value of all services furnished by said city to the people of the State of Michigan and said board of regents since August 28, 1929; and that the court find by a declaratory "judgment" the rights of the plaintiff as an individual, and as representing the taxpayers, and enforce the same against the people of the State of Michigan, the regents of the university, and the city of Ann Arbor, by final judgment and injunction of the court.

On filing the bill of complaint, service of process on the people of the State of Michigan was made by serving summons on the governor and the attorney

general. The attorney general, on behalf of the people of the State of Michigan, entered a special appearance and moved to set aside the service of process on the ground that the State could not be sued without its consent and that the State had not so consented. The board of regents of the university filed an answer in the form of a motion to dismiss the bill of complaint on the above ground, that the plaintiff was not authorized to institute the suit, and that the bill of complaint did not state facts sufficient to constitute a valid cause of action in equity or at law. The city of Ann Arbor did not file a motion to dismiss, but filed an answer to the bill of complaint, concluding with a prayer that the bill of complaint be dismissed.

Judge Robert M. Toms of the Wayne circuit court, sitting in the Washtenaw circuit, after hearing the motions and considering briefs filed, entered an order setting aside the service of process as to the people of the State of Michigan, and dismissing the bill of complaint both as to the defendant board of regents and the defendant people of the State of Michigan. The trial court held that inasmuch as no motion to dismiss had been made by the city of Ann Arbor, the cause would stand at issue as between the plaintiff and that municipality. From the aforesaid order of dismissal, the plaintiff appeals. The record here does not indicate what further action, if any, has been taken in the case against the city of Ann Arbor.

The bill of complaint, consisting of some 70 paragraphs, consists mainly in statements of law, conclusions therefrom, and arguments in relation thereto. However, well-pleaded material allegations of fact must be taken as true. The substance of the bill of complaint is that city of Ann Arbor is now and has been giving free fire and police protection

and other city services to the property owned by the people of the State of Michigan, under the control of the board of regents, for which no compensation has yet been paid to the said city of Ann Arbor; that the State of Michigan should pay into the treasury of the city of Ann Arbor as a reasonable value for such services at least $200,000 per year; that the regents of the university have received from said city the same fire protection and other city services as do all property owners and taxpayers, that the students in the university have received municipal advantages and facilities, including fire and police protection and the use and enjoyment of city parks and streets, transportation, lighting and water, the same as used by taxpayers of said city; that for those reasons the State of Michigan is estopped from claiming that the lands, buildings and equipment of the university of Michigan within said city limits are exempt from taxation by said city; that some of said lands, buildings and equipment are actually used and occupied as noneducational facilities for profit-making purposes, that upwards of $20,000,000 of the assets of the university are unlawfully exempted from taxation of the city of Ann Arbor in that they are not occupied solely for educational purposes.

As to the defendant, the people of the State of Michigan, the controlling question here is whether this suit may be maintained by a taxpayer against the people of the State of Michigan without the express consent of the State to be sued, for the purpose of compelling the State to account to and pay the city of Ann Arbor for moneys expended by the city for police and fire protection and other services rendered by the city to the board of regents of the university. The answer is "No." *Cunningham* v. *Macon & Brunswick R. Co.,* 109 U. S. 446 (3 Sup. Ct.

292, 609, 27 L. Ed. 992); *Hans* v. *Louisiana*, 134 U. S. 1 (10 Sup. Ct. 504, 33 L. Ed. 842); *United States* v. *Sherwood*, 312 U. S. 584 (61 Sup. Ct. 767, 85 L. Ed. 1058); *McDowell* v. *Warden of Michigan Reformatory at Ionia*, 169 Mich. 332; *Missouri Tie & Lumber Co.* v. *Sullivan*, 275 Mich. 26; *Manion* v. *State Highway Commissioner*, 303 Mich. 1; *Mead* v. *Michigan Public Service Commission*, 303 Mich. 168; *McNair* v. *State Highway Department*, 305 Mich. 181.

The order of the circuit court setting aside the service of process on the governor and the attorney general and dismissing the bill of complaint as against the people of the State of Michigan as defendant is affirmed.

As to the board of regents of the university of Michigan as defendant, it is obvious that a money judgment cannot in this suit be lawfully entered against said defendant; and, if so entered, could not be enforced. It is equally obvious that if such relief were sought by writ of mandamus, such writ cannot issue in a chancery court and, furthermore, no circuit court has jurisdiction to issue a writ of mandamus against State officers such as the regents of the university. 3 Comp. Laws 1929, § 15186 (Stat. Ann. § 27.2230). The Michigan Constitution (1908), art. 11, § 5, provides that the board of regents shall have general supervision of the university and direction and control of all expenditures from the university funds. Appellant places much reliance on Act No. 98, § 1, Pub. Acts 1929 (1 Comp. Laws 1929, § 441), as amended by Act No. 214, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 441, Stat. Ann. 1947 Cum. Supp. § 4.191). However, this act is not mandatory but permissive only and merely authorizes the State administrative board, the board of regents of the university and other public agencies to contract for

the furnishing of sewage and garbage disposal facilities, lights, water, fire protection, and other public facilities. The act does not form any basis for a decree to compel the board of regents to enter into such contracts.

The lands, buildings and equipment under the management, supervision and control of the board of regents of the university are public property, owned by the State of Michigan. Such public property belonging to the State is exempt from property tax. 1 Comp. Laws 1929, § 3395, as last amended by Act No. 24, Pub. Acts 1946 (1st Ex. Sess.) (Stat. Ann. 1947 Cum. Supp. § 7.7). *Auditor General* v. *Regents of the University of Michigan,* 83 Mich. 467 (10 L. R. A. 376); *City of Detroit* v. *George,* 214 Mich. 664; *People, for use of Regents of the University of Michigan,* v. *Brooks,* 224 Mich. 45; *James A. Welch Co., Inc.,* v. *State Land Office Board,* 295 Mich. 85.

Appellant points to the Constitution (1908), art. 11, § 10, which provides that "the legislature shall maintain the university," and from this argues that the court in chancery should compel the board of regents to account to the city of Ann Arbor for moneys expended by the city for police and fire protection and other services provided by the city for the university property; or *a fortiori* that the city should be compelled to levy a tax on the State property under the control of the board of regents to provide for such services. Appellant's argument that the legislature is not properly maintaining the university, perhaps might be addressed to the legislature. However, we do not conceive that it is within the province of the court in chancery to compel such action. As well stated by the trial judge, the arm of the chancellor may be long, but it is not that long.

Appellant devotes much time to argument that the

statutes which exempt State-owned property under the control of the board of regents are unconstitutional. However, appellant does not point to any provision in either the United States Constitution or the Michigan Constitution (1908) which imposes any limitation upon the power of the State legislature to exempt property from taxation. The tax-levying authority of the State is vested in the legislature, and this necessarily includes the power to exempt property from taxation. *Auditor General* v. *MacKinnon Boiler & Machine Co.*, 199 Mich. 489; *Harsha* v. *City of Detroit*, 261 Mich. 586 (90 A. L. R. 853).

The court has no power to compel the city of Ann Arbor to levy a tax upon State property within the control of the board of regents which the legislature has declared exempt from property taxation. The legislative classification of property into exempt and nonexempt categories does not in itself necessarily offend the due process* or equal protection† clauses of either the State or Federal Constitutions. 26 R. C. L. p. 253, 254, §§ 224, 225; *Union Steam Pump Sales Co.* v. *Secretary of State*, 216 Mich. 261; *Banner Laundering Co.* v. *State Board of Tax Administration*, 297 Mich. 419.

It is not for the court to consider the propriety of a contract between the city of Ann Arbor and the board of regents for the city to furnish police or fire protection or other public facilities for State property within the corporate limits. Nor is the city of Ann Arbor here before us seeking affirmative relief against the people of the State of Michigan or the board of regents. The plaintiff herein does not rep-

---

* See U. S. Const. am. 14; Mich. Const. 1908, art. 2, § 16.—Reporter.

† See U. S. Const. am. 14; Mich. Const. 1908, art. 2, § 1.—Reporter.

resent the municipality. The levying of municipal taxes is a matter of municipal prerogative and concern to be exercised by the proper authorities of the city of Ann Arbor. The court in chancery cannot substitute its judgment for that of the proper municipal authorities, or the board of regents, as to whether taxes should be levied or contracts entered into to provide for the furnishing of police facilities by the city. We are unable to conclude from the facts and circumstances alleged in appellant's bill of complaint that either the appellant or the taxpayers of the city of Ann Arbor are being deprived of property without due process of law. The relief sought by appellant does not come within the jurisdiction of a court of chancery, at least in so far as such relief is sought against the people of the State of Michigan or the board of regents of the university. Any issues between the plaintiff and the city of Ann Arbor are still pending in the circuit court and are not here for decision.

The order dismissing the bill of complaint as to said defendants is affirmed and the cases remanded. No costs, questions of public interest being involved.

BUSHNELL, C. J., and SHARPE, REID, NORTH, BUTZEL, and CARR, JJ., concurred. DETHMERS, J., did not sit.