## MINARIK v. STATE HIGHWAY COMMISSIONER.

1. APPEAL AND ERROR—SUPREME COURT—ADVICE AS TO REMEDY.
   It is not within the province of the Supreme Court to advise a
   plaintiff as to his proper remedy, if any, which he may have
   nor to elaborate upon possible injustice being done to a plain-
   tiff who feels himself aggrieved.

2. INJUNCTION—MANDAMUS—STATE HIGHWAY COMMISSIONER—CIR-
   CUIT COURT.
   A bill to enjoin the State highway commissioner from continuing
   to dam up and block drainage ditch on opposite side of road
   from plaintiffs' farm and in another county and from con-
   tinuing to flood their farm and to remove obstructions and
   deepen it so as to restore its original condition when dug is
   an effort to secure a mandatory order equivalent to a mandamus,
   a writ which the circuit court may not issue against a State
   officer (CL 1948, § 636.3).

3. COURTS—CIRCUIT COURT—JURISDICTION—MANDAMUS—STATE OF-
   FICERS.
   No circuit court has jurisdiction to issue a writ of mandamus
   against State officers (CL 1948, § 636.3).

4. MANDAMUS — MISNAMED REMEDY — CIRCUIT COURT — STATE OF-
   FICER.
   Mandamus against a State officer may not be had in the circuit
   court under the guise or misnomer of a mandatory injunction
   (CL 1948, § 636.3).

5. COSTS—MANDATORY INJUNCTION IN CIRCUIT COURT—STATE OF-
   FICERS.
   No costs are allowed upon affirmance of circuit court's order dis-
   missing bill to obtain a mandatory injunction against a State
   officer, because of unusual facts (CL 1948, § 636.3).

REFERENCES FOR POINTS IN HEADNOTES
[2–4] 34 Am Jur, Mandamus § 134 et seq.
[2–4] Mandamus to compel performance of ministerial duty. 105
ALR 1124.

Appeal from Shiawassee; Lyons (Willis L.), J. Submitted January 15, 1953. (Docket No. 68, Calendar No. 45,629.) Decided March 10, 1953. Rehearing denied June 8, 1953.

Bill by Dominik Minarik and others against Charles M. Ziegler, State Highway Commissioner, for mandatory injunction. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Kenneth B. Kelly* and *Jay M. Terbush, Jr.,* for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Victor H. Meier,* Assistant Attorney General, for defendant.

Butzel, J. Plaintiffs, Dominik Minarik, Francis J. Osika and wives, are the owners of a 160-acre farm situated in Hazelton township, Shiawassee county, Michigan. The farm has a long frontage on the west side of M–13, a State trunk line highway. The center of this highway is also the boundary line between Shiawassee and Genesee counties. Minarik purchased the farm some 40 years ago. It was well drained by several tile drains, including one 3 inches in diameter that ran approximately southeast and connected with a larger one 6 inches in diameter, which ran southward and was located slightly to the east of the center of a dirt road, now known as State highway M–13, bordering on the easterly side of plaintiffs' farm.

When the highway was paved with concrete, over 18 years ago, the 6-inch tile drain was not disturbed and it still remains imbedded in the earth beneath the concrete. At the time the highway was paved, a 2-foot ditch was dug along the west side of the road. Water collecting in this ditch flowed north-

ward for a short distance into a culvert that was constructed under the road at the time it was paved. The culvert ran from this rather shallow ditch on the west side of the road into a deeper ditch, about 3-1/2 feet in depth, on the east side of the road. From there the water flowed south to the outlet of the latter ditch. Plaintiffs claim that the surface water from the northeast side of the farm drained into the 2-foot ditch and then flowed through the culvert to the deeper ditch on the east side of the road, and that up until 3 years ago the northeast part of the farm was well drained and produced good crops. They alleged that during the past 3 years, however, the waters have not drained off through the culvert into the ditch on the east side of the road, but that, on the contrary, waters from the latter ditch backed up onto their farm and as a consequence crops on that portion of the farm never came to fruition, resulting in a very large loss. It is claimed that each year defendant, through its assistants and agents, ran a mower attached to a tractor through the larger ditch and that the weeds, reeds and other growth which were mowed down were not removed but became mixed with a certain amount of earth which was loosened along the side of the ditch by the tractor and that this debris mixed with loosened earth became packed down and largely filled up the ditch. It is further claimed that the water no longer flows freely to its outlet some distance away, but instead accumulates and flows backward through the culvert, over and onto plaintiffs' lands. At the hearing it was testified that the Genesee county road commission maintained the highway under a contract with the State highway department. In view of our decision it becomes unnecessary to further detail the various tile drains on the farm and their outlets, although there is an intimation on the part of defendant that the trouble

is due to ineffective or inadequate drains on plaintiffs' lands and also to the extraordinarily heavy rainfall during the past 3 years. Plaintiffs attempt to place the blame upon defendant.

Plaintiffs filed a bill to enjoin defendant from continuing to dam up and block the drainage ditch on the east side of the road and from continuing to flood their farm. Defendant, on the other hand, made a motion to dismiss and considerable testimony was taken at the hearing on the motion. From the testimony taken on the motion to dismiss, we are not able to determine where the real cause for the flooding lies. Plaintiffs claim that they put a wooden plug in the culvert that leads from the west to the east side of the road but that someone, whom they did not designate, removed the plug. Numerous conferences were held between plaintiffs and representatives of defendant, the township and counties. Difficulty also arose from the fact that the east side of the road, where the larger ditch is located, is wholly in Genesee county. The State highway department disclaims all responsibility. It did send an engineer of drainage to the farm and he met with the various authorities and parties in interest but to no avail. Plaintiffs claim that they would have been willing to try to better the condition at their own expense but they had no rights in the adjoining county. Opposition was met from some of the township authorities, who felt that the problem was not theirs. The State engineer even proposed to pay one-third of the cost of cleaning out and deepening the ditch provided the owners and township authorities would each pay one-third. The State highway commissioner maintains the only duty of the State is to maintain the highway and not to clean out ditches. Notwithstanding the efforts made by the State highway commissioner's engineer, and also by the circuit judge, no agreement could be reached.

Plaintiffs object to what the judge did outside of the judicial hearing in order to get the controversy settled, but we find that his actions were all in the furtherance of attempting to adjust the difficulties. The motion to dismiss was granted on one ground that is sufficient.

The bill, together with the testimony taken on the motion to dismiss, plainly shows that a mandatory injunction was sought against the State highway commissioner, an elected State officer, so as to secure a mandatory order equivalent to a mandamus, ordering the State highway commissioner to clean out the ditch and remove all earth, weeds and obstructions and in so doing at least deepen it so as to restore its original condition when dug. It is estimated that the entire cost of giving plaintiffs the remedy they sought would be $300. It is not within our province to advise the remedy, if any, particularly in view of the uncertainties created by the record, nor do we elaborate on the possible injustice being done to plaintiffs if their theory is correct. The trial judge must adhere to the law, which provides that no circuit court has jurisdiction to issue a writ of mandamus against State officers. CL 1948, § 636.3 (Stat Ann § 27.2230). See *Lucking* v. *People,* 320 Mich 495; *Reed* v. *Civil Service Comm.,* 301 Mich 137. Plaintiffs call our attention to other cases where the facts differ and where mandamus was not sought against a State officer. No litigant can mandamus a State officer in the circuit court simply by using the term injunction instead of mandamus when it is the latter remedy that he seeks. The circuit judge correctly held that plaintiffs were seeking a mandamus under the guise or misnomer of a mandatory injunction.

Under the circumstances the order dismissing the bill is affirmed, but, because of the unusual facts of the case, without costs.

DETHMERS, C. J., and ADAMS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.