# JULY SESSION, 1966.*

## CIVIL SERVICE COMMISSION v. SECRETARY OF STATE.

1. STATES—CIVIL SERVICE COMMISSION—APPROVAL OF DISBURSEMENTS FOR PERSONAL SERVICE.

    The State civil service commission is empowered to approve or disapprove disbursements for all personal services for the State (Const 1963, art 11, § 5).

2. INJUNCTION—MANDAMUS—SUIT AGAINST STATE OFFICERS.

    Action in circuit court by civil service commission against secretary of State and other State officers to enjoin disbursements to fee branch officers, contrary to ruling of the commission, *held*, to have been properly brought, as such action is a proper vehicle to determine the issues, and the action is not a mandamus action (Const 1963, art 11, § 5).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 January 5, 1966, at Lansing. (Docket No. 380.) Decided July 26, 1966. Leave to appeal granted by Supreme Court October 8, 1966. See 378 Mich 733, 379 Mich 613.

Complaint by the Michigan Civil Service Commission, and Forest F. Green, Sarah Robinson, John N. Seaman, and Dorothy L. Judd, its members, against the Secretary of State, State Treasurer, Controller and the Department of Administration of the State of Michigan to enjoin defendants from making disbursements to fee branch officers. Defendants' mo-

* Continued from Volume 3 Mich App.

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur 2d, Civil Service §§ 6, 8.
[2] 28 Am Jur, Injunctions § 181.

tion to dismiss was denied. After leave granted, defendants appeal. Affirmed.

*Fraser, Trebilcock, Davis & Foster (Archie C. Fraser,* of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harry G. Iwasko, Jr.,* Assistant Attorney General, for defendants.

T. G. KAVANAGH, P. J. On August 7, 1963, in accordance with policy decisions reached at a regular meeting of the civil service commission held on July 24, 1963, the commission began communications with the secretary of State's office to the effect that it was the commission's opinion that certain fee branch offices be eliminated and civil service offices be set up in their place. A program for the gradual elimination of these offices was outlined to the secretary of State.

Under article 11, § 5 of the Michigan Constitution of 1963, the commission is empowered to approve or disapprove disbursements for all personal services. Contending that payments to these fee branch officers come within the scope of payments for personal services, the commission set forth the date of June 30, 1964, as the last date for such approval. Subsequently, without the approval of the commission, disbursements were made to these officers by the defendants. Thereafter this action ensued to enjoin such further payment.

On August 20, 1964, this suit was instituted in the circuit court for the county of Ingham. Defendants moved to dismiss alleging the action to be in the nature of mandamus and contending that the trial court was without jurisdiction. This motion was denied and upon leave granted this appeal was taken.

Appellants maintain that while plaintiffs label their action as injunctive, they actually seek relief only proper to mandamus and consequently should have brought the action in the appellate court. Appellants contend that the commission is attempting to force them to comply with commission policy in the elimination of fee branch offices.

It is abundantly clear from the communications between the commission and the secretary of State that the commission is desirous of effecting a significant change in the fee branch office setup of the secretary of State's office as the appellant alleges. However, if the commission's legal conclusion is correct that these fee branch managers are actually employees, it should effect the change.

This question can and should be determined in the trial court and the instant suit is a proper vehicle.

We do not agree that the instant suit is really a mandamus action. If the commission is correct these payments may be properly enjoined.

The cases of *Minarik* v. *State Highway Commissioner* (1953), 336 Mich 209 and *Feinburg* v. *Doe,* 14 Cal 2d 24 (92 P2d 640), upon which appellant relies are inapposite.

Affirmed.

Burns and McGregor, JJ., concurred.