**CITY OF DETROIT, a Michigan Municipal Corporation, By and Through DETROIT WATER AND SEWERAGE DEPARTMENT, Plaintiffs,**

v.

**STATE OF MICHIGAN, Michigan State Department of Transportation, County of Wayne and Wayne County Road Commission, Defendants.**

Civ. A. No. 81–74116.

United States District Court,
E. D. Michigan, S. D.

June 4, 1982.

Darryl Alexander, Detroit, Mich., for City of Detroit.

Lawrence A. Schendel, Detroit, Mich., James A. Hourihan, John R. Gerstein, John S. Stanton, Washington, D. C., for Wayne County Road Com'n.

David L. Balas, Asst. Atty. Gen., Lansing, Mich., for State of Mich. and Mich. Dept. of Transp.

## OPINION AND ORDER DENYING MOTION FOR REHEARING

FEIKENS, Chief Judge.

On May 17, 1982, I issued an opinion and order addressing the motions of both defendants to dismiss for want of jurisdiction. By that order I retained the claims against the County based on my ancillary subject matter jurisdiction as receiver of the DWSD. I also dismissed the claims against the State of Michigan and its Department of Transportation since I found that the Eleventh Amendment was a bar to personal jurisdiction. The DWSD is requesting a rehearing of that dismissal. It claims that *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1973), allows the court to grant prospective relief against a state like the relief it is seeking against the defendants here. *Edelman* does not stand for such a broad proposition and the rehearing must be denied.

*Edelman* was not a suit brought against a state or one of its agencies, as this case was brought against the State of Michigan and its Department of Transportation. Rather, *Edelman* was a case brought against officials of the State of Illinois and Cook County, which administered the state's federally funded programs for the aged and the disabled. The Eleventh Amendment did not deprive the district court of personal jurisdiction over these defendants because under the doctrine of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), they had been "stripped" of their governmental status. The doctrine of *Ex Parte Young* applies whenever, and only when, state officials are accused of violating the federal rights of the plaintiffs. The state officials appear before the court as ordinary citizens and the case is treated as one against them personally and not as proxies of the state. Cases brought against the states are unaffected by the doctrine and remain barred by the sovereign immunity granted in the Eleventh Amendment.

Reliance on *Edelman* is therefore misplaced. *Edelman* did not discuss what sort of relief was allowed against a state, only the limitations on relief even when the defendants are private citizens. But before the court could even reach the question of "jurisdiction," in the broad sense of power, to award particular kinds of relief, it had to presume that the court had personal jurisdiction over the defendants, which is exactly what I decided I do not have in this case.*

The dicta in my previous opinion considering the limits of my power to grant certain types of relief was introduced by the phrase "Even when the suit is brought against a state employee . . . ." The words

---

* Courts do tend to speak of jurisdiction "over the case" and find that they lack jurisdiction "over the case" whenever they lack personal jurisdiction, subject matter jurisdiction or jurisdiction to grant the only relief sought. Nonetheless, each is independent and a precise analysis distinguishes the three and considers each separately.

"even when" should be understood as introducing a hypothetical contrary to the facts of the case, here, contrary to the fact that I do not have personal jurisdiction over the State of Michigan.

The motion is therefore, and is hereby, DENIED.