**Scott E. EWING, Plaintiff,**

v.

**BOARD OF REGENTS OF the UNIVERSITY OF MICHIGAN, Defendant.**

Civ. A. No. 82–60271.

United States District Court,
E.D. Michigan, S.D.

Dec. 15, 1982.

882

Michael M. Conway, Mary K. Butler, Hopkins & Sutter, Harry Schulman, Schulman & Bell Ltd., Chicago, Ill., Timothy Fryhoff, Buesser, Buesser, Snyder & Blank, Bloomfield Hills, Mich., for plaintiff.

Peter Davis, Davis & Fajen, Ann Arbor, Mich., for defendant.

## MEMORANDUM OPINION

JOHN FEIKENS, Chief Judge.

Scott Ewing ("Ewing") challenges his dismissal from the University of Michigan Medical School. In his complaint, Ewing alleges that he was wrongfully dismissed in violation of his constitutional and contractual rights. He is seeking both injunctive relief and damages from the University of Michigan's Board of Regents ("the Board").

Defendant has moved to dismiss Count III of Ewing's complaint, which asks for monetary damages pursuant to 42 U.S.C. § 1983.[1] It urges: that the Board is immune from suit for monetary damages because of the Eleventh Amendment to the Constitution; and that the Board is not a "person" within the meaning of 42 U.S.C. § 1983. With regard to Eleventh Amendment immunity, Ewing counters that the Board is not a sovereign state entity within the meaning of the Eleventh Amendment, or, alternatively, that the Board has waived

any Eleventh Amendment immunity it might have had. Ewing also maintains the Board is a "person" under § 1983. For the reasons stated herein, I grant defendant's motion to dismiss Count III of the complaint.

### I.

In the absence of waiver, the Eleventh Amendment protects states from money judgments. *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

The Eleventh Amendment provides:
The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Judicial interpretations have held the Amendment applicable to suits brought by a citizen against his own state. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1973); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The Amendment has also been interpreted to protect state instrumentalities and agencies from suit. *Edelman v. Jordan, supra; City of Detroit, et al. v. State of Michigan,* 543 F.Supp. 220 (E.D.Mich. 1982). Thus, if the University of Michigan is a state agency or instrumentality, it is entitled to claim immunity with respect to Count III of Ewing's complaint, provided it has not waived its right to do so.[2]

Whether a university is a state instrumentality under the Eleventh Amend-

---

1. Five other motions were pending in this case when defendant's motion to dismiss was heard. Defendant's motions were: to compel separate numbering of paragraphs in the complaint; for a more definite statement; and to strike. Plaintiff's motions were: for a preliminary injunction; and to overrule defendant's objections to interrogatories and document requests. At the hearing, it was agreed by the parties that plaintiff would redraft his complaint to respond to defendant's three motions just mentioned, and that the trial date for this case would be advanced so as to obviate the necessity of hearing plaintiff's motion for a prelimi-

nary injunction. It was also agreed that a stipulation would be entered with respect to the interrogatories and document requests found objectionable by defendant. Therefore, no further discussion on these motions is necessary.

2. If the University were merely a local governmental body, rather than a part of the state, then it would not be entitled to Eleventh Amendment immunity. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 690 n. 54, 98 S.Ct. 2018, 2035 n. 54, 56 L.Ed.2d 611 (1978).

ment must be determined by considering the particular characteristics of the institution in question. *Long v. Richardson,* 525 F.2d 74 (6th Cir.1975); *Soni v. Board of Trustees of University of Tennessee,* 513 F.2d 347 (6th Cir.1975).[3] State court decisions may be given considerable weight in making this determination. *Long v. Richardson, supra.* Although the United States Court of Appeals for the Sixth Circuit has not yet ruled with respect to the University of Michigan, two judges of this District, relying in part upon Michigan case authority, have held that the University is a state instrumentality entitled to Eleventh Amendment immunity.[4] I agree with their conclusions.

The Board of Regents is at least colorably a state instrumentality by virtue of its constitutional mandate to supervise the University and manage its funds. Mich. Const. Art. 8 § 5. Although granted much independence in how it conducts university affairs, the Board is still subject to state audit, and must hold its formal meetings publicly. Mich. Const. Art. 8 § 4. The eight members of the Board are publicly elected officials. Art. 8 § 5. In analyzing the nature of the Board, Michigan courts have routinely held that it is "a department of the State government created by the Constitution to perform State functions." *Attorney General v. Burhans,* 304 Mich. 108, 111, 7 N.W.2d 370 (1942), *cited in Marwil v. Board of Regents, et al.,* Civil Action No. 79–73331 (E.D.Mich., July 3, 1980).

Apart from its constitutional origins, the University has another claim to being the "alter ego" of the state: it is fiscally tied to it. The Michigan Supreme Court has stated: "The property held by the Regents in their corporate capacity is the public property of the State held by the corporation in trust for the purposes to which it was devoted." *Auditor General v. Regents,* 83 Mich. 467, 469–470 (1890); *see also Lucking v. People,* 320 Mich. 495, 31 N.W.2d 707 (1948). Therefore, if a judgment diminishes the resources of the University, it immediately diminishes the resources of the State, which has an interest in the property.[5] Furthermore, Art. 8 § 4 of the Michigan Constitution provides, *inter alia:* "The legislature shall appropriate money to maintain the University of Michigan ... [and] the legislature shall be given an annual accounting of all income and expenditures by [the University]." Thus, the legislature has some responsibility for insuring the continued financial sustenance of the institution.[6]

---

**3.** In *Patsy v. Board of Regents of the University of Florida,* —— U.S. ——, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), the Supreme Court noted that the question of Eleventh Amendment immunity involved interpreting state law and resolving questions of fact. Ewing argues that because the Supreme Court has acknowledged the place of factual determination in deciding an Eleventh Amendment immunity question, I cannot dismiss Count III of his complaint without further fact finding. I disagree. Michigan's constitutional, statutory and case law provide me with all the information I need to decide the initial question of whether the University is a state instrumentality. With respect to waiver, discussed *infra,* Ewing has not suggested any facts which might alter my judgment on that issue.

**4.** Judge Pratt so held in *Marwil v. Board of Regents, et al.,* Civil Action No. 79–73331 (E.D. Mich., July 3, 1980); Judge Guy has reached the same opinion in two cases: *Reiner v. Bidlack, et al.,* Civil Action No. 74–72922 (E.D. Mich., September 13, 1978); *Casad v. Regents of the University of Michigan,* Civil Action No. 80–74793 (E.D.Mich., July 30, 1982).

**5.** At least with respect to tort claims, the University is specifically subsumed under the state umbrella. Judgments against the University are to be paid by the state. M.C.L.A. §§ 691.-1401, 600.6095.

**6.** M.C.L.A. § 390.8 provides:
The university shall consist of at least 3 departments:
1. A department of literature, science and the arts;
2. A department of law;
3. A department of medicine; [and]
4. Such other departments ... as the regents shall deem necessary, and the state of the university fund shall allow.
Although the level of state appropriations for the University is not set by any constitutional provision or statute, M.C.L.A. § 390.8 read against the background of Art. 8 § 4 of the Michigan Constitution is a starting point for determining the minimum funding obligation of the state. While certain departments of the University exist within the discretion of the Board and subject to fluctuating funding, the three departments mentioned in § 390.8 are to

Because the Board has been recognized as an independent branch of state government by the Michigan courts, and because the state is obligated to see that it has sufficient funds to survive, I hold that it is a state instrumentality within the meaning of the Eleventh Amendment.

## II.

■ Ewing argues that even if the University is a state instrumentality within the meaning of the Eleventh Amendment, it has waived its sovereign immunity. I do not agree. The standard I am guided by in evaluating Ewing's contention of waiver was stated by the Supreme Court in *Edelman v. Jordan, supra:* "In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.' [Citation omitted]." *Id.* 415 U.S. at 673, 94 S.Ct. at 1360–61.

Since *Edelman,* the Sixth Circuit has considered the question of whether Eleventh Amendment immunity has been waived by a state university sued under § 1983. In *Soni v. Board of Trustees of the University of Tennessee, supra,* the court held a statutory provision providing that the University of Tennessee could sue and be sued "in any court of law or equity" was a waiver of governmental immunity. Ewing would have me hold that an analogous clause which covers the University of Michigan and provides: "The board of regents shall constitute the body corporate, with the right as such of suing and being sued, of making and using a common seal, and altering the same" (§ 390.4) should be similarly construed. This interpretation is belied by two later Sixth Circuit cases. The "sue and be sued" clause at issue in *Martin v. University of Louisville,* 541 F.2d 1171 (6th Cir.1976), provided that the university had the power to "sue and be sued, complain

be preserved. If private support is lacking, it follows that the state must take up the slack to

and defend, in its corporate name." *Id.* at 1174, *citing* Kentucky Revised Statutes, Section 273.172(2). Distinguishing *Soni v. Board of Trustees, supra,* the court held in *Martin* that a state's consent to suit in its own courts "does not necessarily imply its consent to suit in federal court." *Id.* at 1175. Unlike the "sue and be sued" statute in *Soni,* the statute in *Martin* did not provide for suit in "any court of law or equity"; therefore, no waiver of immunity in the federal courts was found. *See also Long v. Richardson,* 525 F.2d 74 (6th Cir. 1975). M.C.L.A. § 390.4 also lacks language providing for suit "in any court of law of equity." I cannot, therefore, find in M.C.L.A. § 390.4 the type of clearly expressed waiver of immunity in the federal courts that the Supreme Court and the Sixth Circuit have indicated must be present before waiver is established.

Ewing offers other arguments to support his position that the University has waived Eleventh Amendment immunity, but I find them similarly unconvincing. Ewing suggests that M.C.L.A. § 600.6440, part of Michigan's Court of Claims Act, must be read to establish waiver in the federal courts. Under M.C.L.A. § 600.6419, the Court of Claims is established in Michigan as having exclusive jurisdiction over all claims against the state which are not excepted by § 600.6440. Section 600.6440 provides: "*No claimant may be permitted to file claim* in said court against the state nor any department, commission, board, institution, arm or agency thereof *who has an adequate remedy upon his claim in the federal courts* ...." (Emphasis added).

Admitting the possibility that some causes of action might appropriately be brought in federal court against the state is not the same as a general waiver of immunity from suit in the federal courts. As Judge Pratt observed in *Marwil v. Board of Regents, supra,* "The Michigan legislature merely determined that *where appropriate,* an exhaustion of federal court remedies would be

"maintain" the University.

required." *Id.* at 10. It is completely consistent with the Act to acknowledge a distinction between types of federal suit for which the state has waived immunity, and those for which it has not. The statute dictates an order of procedure *only* with respect to those cases for which federal amenability to suit has already been established.[7] *See also Copper S.S. Co. v. State of Michigan,* 194 F.2d 465 (6th Cir. 1952). Where no independent source of immunity is present, the plaintiff will not be allowed to bootstrap a waiver because of the Court of Claims Act.

Ewing's argument that the University's purchase of liability insurance is waiver of immunity is also unavailing. Merely purchasing such insurance does not constitute the type of knowing and clearly expressed waiver necessary to eliminate Eleventh Amendment immunity. *Branum v. Board of Regents of University of Michigan,* 5 Mich.App. 134, 137, 145 N.W.2d 860 (1966). Furthermore, M.C.L.A. § 691.1409 specifically provides: " ... The existence of any policy of insurance indemnifying any governmental agency against liability for damage is not a waiver of any defense otherwise available to the governmental agency in defense of the claim."

Finally, Ewing's insistence that there may be facts which indicate a waiver in this particular case does not impress me. Ewing has alleged no such facts. I recognize that a waiver may occur by conduct of the parties, as the Supreme Court implicitly found in *Toll, President, University of Maryland v. Moreno,* —— U.S. ——, 102 S.Ct. 2977, 73 L.Ed.2d 563 (1982), but this theoretical possibility does not deter my granting defendant's motion under the circumstances of this case.

### III.

Because I have held that the University is a state instrumentality entitled to Eleventh

Amendment immunity which it has not waived, I need not reach the question of whether it is a "person" for purposes of 42 U.S.C. § 1983. Whether or not it is a "person," the University is immune from money damages.

---

7. For example, suits brought against a state for attorney fees or back pay under Title VII of the Civil Rights Act of 1964 are properly cognizable in federal court. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Congress, acting pursuant to its Fourteenth Amendment § 5 enforcement power, has "overriden" the states' Eleventh Amendment immunity in such cases. It has not done so with respect to § 1983 suits. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).