**Jocelyn E. RAINEY, Plaintiff,**

v.

**WAYNE STATE UNIVERSITY, et al., Defendants.**

No. 97–CV–60152–AA.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 10, 1998.

O'Neal O. Wright, O'Neal O. Wright Assoc., Detroit, MI, for Jocelyn E. Rainey.

William G. Abbatt, Robert C. Brandenburg, Brooks & Kushman, Southfield, MI, for Wayne State University, Peter Williams, Mercedes Benz of North America, Inc., Daimler Benz AG a/k/a Daimler Benz.

## OPINION AND ORDER

STEEH, District Judge.

Defendants Wayne State University (WSU) and WSU professor Peter Williams have filed a motion for partial summary judgment based on the doctrine of sovereign immunity stemming from the Eleventh Amendment. Plaintiff has filed a response which does not address sovereign immunity, as it has been interpreted in the federal context, but rather, improperly addresses state law immunity principles. For the reasons set forth below, defendants' motion shall be granted in part and denied in part.

## BACKGROUND

The facts of this case are set forth fully in the court's order denying in part and granting in part defendants' motions for partial summary judgment on the issues of copyright preemption and profit damages. Those facts are not set forth again here but are incorporated by reference to that opinion.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See F.D.I.C. v. Alexander, 78 F.3d 1103, 1106 (6th Cir.1996). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also

*Kutrom Corp. v. City of Center Line,* 979 F.2d 1171, 1174 (6th Cir.1992).

The standard for determining whether summary judgment is appropriate is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Winningham v. North Am. Resources Corp.,* 42 F.3d 981, 984 (6th Cir.1994) (citing *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir.1989)). The evidence and all inferences therefrom must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Enertech Elec., Inc. v. Mahoning County Comm'r,* 85 F.3d 257, 259 (6th Cir.1996); *Wilson v. Stroh Companies, Inc.,* 952 F.2d 942, 945 (6th Cir. 1992). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Hartleip v. McNeilab, Inc.,* 83 F.3d 767, 774 (6th Cir. 1996).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 270, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *see also Adams v. Philip Morris, Inc.,* 67 F.3d 580, 583 (6th Cir.1995). Mere allegations or denials in the non-movant's pleadings will not meet this burden. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Further, the nonmoving party cannot rest on its pleadings to avoid summary judgment. It must support its claim with some probative evidence. *Kraft v. United States,* 991 F.2d 292, 296 (6th Cir.), *cert. denied,* 510 U.S. 976, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993).

*ANALYSIS*

**A. Eleventh Amendment Immunity**

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Supreme Court has held that the Eleventh Amendment prevents suit in federal court by a citizen against his own state. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Eleventh Amendment immunity acts as a jurisdictional bar. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan,* 415 U.S. 651, 678, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Estate of Ritter v. University of Mich.,* 851 F.2d 846, 850–51 (6th Cir.1988). Sovereign immunity under the Eleventh Amendment shields the state, a state agency or a state official sued in his or her official capacity from suit for monetary damages or retrospective relief. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 .(1989). The Eleventh Amendment "bars suits in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Hafer v. Melo,* 502 U.S. 21, 30, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (citing *Edelman,* 415 U.S. at 663, 94 S.Ct. 1347).

A claim that seeks to enjoin a state instrumentality or state officer from violating federal law, however, is exempt from Eleventh Amendment immunity under the *Ex parte Young* doctrine. *Edelman,* 415 U.S. at 677, 94 S.Ct. 1347; *Futernick v. Sumpter Twp.,* 78 F.3d 1051, 1055 (6th Cir.1996). The seminal case of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) held that the Eleventh Amendment did not bar a federal suit against a state attorney general for enforcing a statute which allegedly violated the Fourteenth Amendment. The reason for the *Ex parte Young* exception from Eleventh Amendment immunity is that an official cannot be acting on behalf of the state when

he or she acts illegally or unconstitutionally. *Thomson v. Harmony*, 65 F.3d 1314, 1320 (6th Cir.1995), *cert. denied*, 517 U.S. 1105, 116 S.Ct. 1321, 134 L.Ed.2d 473 (1996). The *Ex parte Young* doctrine exempts only those claims seeking to enjoin violations of federal law from Eleventh Amendment immunity and does not apply to alleged violations of state law. *Pennhurst*, 465 U.S. at 101–02, 104 S.Ct. 900; *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir.1994).

■ Sovereign immunity is broader when a state instrumentality or official is sued under state law as opposed to federal law. When a state instrumentality or official is sued in federal court for a violation of state law, the Eleventh Amendment acts as a jurisdictional bar to suit, whether the relief sought is monetary or injunctive and the *Ex parte Young* doctrine does not apply. *Pennhurst*, 465 U.S. at 101–02, 104 S.Ct. 900. The Supreme Court explained the broad sovereign immunity that applies when a state actor is sued in federal court for violating state law:

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

*Pennhurst*, 465 U.S. at 106, 104 S.Ct. 900.

Taking these principles into account, the court addresses whether WSU and professor Williams are entitled to Eleventh Amendment immunity shielding them from suit. Plaintiff has pled federal and state claims against WSU and professor Williams for monetary and injunctive relief. Plaintiff's only federal claim is alleged copyright infringement. Plaintiff also pled common law fraud and breach of fiduciary duty claims under state law against WSU and Williams.[1]

### B. *WSU*

■ There is no question that the Eleventh Amendment bars plaintiff's federal copyright infringement claim and state law claims against WSU for monetary damages, as these claims would require payments from the State's coffers. *See Ewing v. Board of Regents of Univ. of Mich.*, 552 F.Supp. 881, 883 (E.D.Mich.1982) (University of Michigan and Board of Regents are arm or alter ego of state for immunity purposes); *Long v. Richardson*, 525 F.2d 74, 79 (6th Cir .1975) (state university immune under doctrine of sovereign immunity); *Martin v. University of Louisville*, 541 F.2d 1171, 1173 (6th Cir.1976) (same); *Tran v. Wayne State Univ.*, No. 95–72662, 1996 U.S.Dist.LEXIS 5528 (E.D.Mich. Mar. 20, 1996) (WSU is state instrumentality immunized from liability for damages under Eleventh Amendment), *aff'd*, 110 F.3d 65, *cert. denied*, — U.S. —, 118 S.Ct. 162, 139 L.Ed.2d 107 (1997).

■ In addition to money damages, plaintiff also seeks an injunction barring further reproduction, distribution or public display of the infringed works and that defendants deliver up for impounding all copies made and all plate, proofs or other articles by which such copies were made in alleged violation of plaintiff's copyright. The injunctive relief sought relates to the federal copyright infringement claim only and does not stem from plaintiff's state law claims. The court retains jurisdiction over plaintiff's copyright infringement claim against WSU for injunctive relief under the *Ex parte Young* doctrine. *Edelman*, 415 U.S. at 677, 94 S.Ct. 1347. Although plaintiff's claim for injunctive relief is not barred by sovereign immunity, it may be dismissed on other grounds. At oral argument held on August 20, 1998 in regard to an earlier filed motion for summary judgment, defense counsel indicated that defendants had returned all of plaintiff's artwork. Accordingly, her claim for injunctive relief appears moot.

---

1. Plaintiff's unjust enrichment and intentional infliction of emotional distress claims were previously dismissed.

### C. *Peter Williams*

The court next considers plaintiff's claims against professor Williams. From the face of the complaint and plaintiff's response brief, it is unclear if plaintiff has sued Williams in his individual and/or official capacities. The Eleventh Amendment presents no bar to suit against a defendant in his individual capacity for monetary damages. *Scheuer v. Rhodes*, 416 U.S. 232, 237–38, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 338 (6th Cir.1990). The reasoning for this rule is that technically a suit against an individual will not require that any monies be paid from the state's treasury. Accordingly, to the extent that Williams has been sued in his individual capacity for monetary damages, the court retains jurisdiction over these claims. As a corollary to this finding, suit against Williams, in his official capacity, would require payment from the state's treasury and is barred by Eleventh Amendment immunity. *Will*, 491 U.S. at 71, 109 S.Ct. 2304. Plaintiff's federal copyright infringement claim against Williams for injunctive relief, however, whether brought in his official or individual capacity, is not barred by Eleventh Amendment immunity under the *Ex parte Young* doctrine. *Edelman*, 415 U.S. at 677, 94 S.Ct. 1347; *Spruytte v. Walters*, 753 F.2d 498, 513 (6th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 788, 88 L.Ed.2d 767 (1986). As discussed *supra*, however, the claim appears moot because defendants allege they returned the artwork.

### CONCLUSION

For the reasons set forth above,

IT IS ORDERED that defendants' WSU and Williams' motion for partial summary judgment hereby is GRANTED IN PART as follows:

(1) the claims against WSU for monetary damages hereby are DISMISSED; and,

(2) the claims against Williams, sued in his official capacity, for monetary damages hereby are DISMISSED.

IT IS FURTHER ORDERED that defendants' WSU and Williams' motion for partial summary judgment hereby is DENIED IN PART as follows:

(1) the claims against Williams, sued in his individual capacity, for monetary damages are not barred by sovereign immunity; and,

(2) the federal copyright infringement claim against WSU and Williams for injunctive relief is not barred by sovereign immunity.

IT IS FURTHER ORDERED that plaintiff SHOW CAUSE in writing on or before September 30, 1998 why her claim for injunctive relief should not be dismissed as moot because defendants have returned her artwork.