| 83 | 467 |
| 97 | 250 |

HENRY H. APLIN, AUDITOR GENERAL, v. THE REGENTS OF THE UNIVERSITY OF MICHIGAN.

*Taxes—Exemption—Michigan University—Public property.*

Property held by the Regents of the University of Michigan in their corporate capacity is the public property of the State held by the corporation in trust for the purposes to which it was devoted, and is exempt from taxation under the first subdivision of section 3 of Act No. 153, Laws of 1885, which provides that all public property belonging to this State shall be exempt from taxation.

Appeal from Wayne. (Reilly, J.) Argued November 13, 1890. Decided December 5, 1890.

Petition for sale of lands delinquent for taxes, under Act No. 195, Laws of 1889. The board of auditors of Wayne county appeal from decree dismissing petition in so far as it refers to land of defendant. Affirmed, without costs. The facts are stated in the opinion.

*Henry M. Duffield,* for appellants.

*A. C. Angell,* for defendant.

CHAMPLIN, C. J. Prior to July 1, 1888, certain land situated in the city of Detroit, the title of which was vested in the Regents of the University of Michigan by

a grant from Walter Crane, bearing date March 22, 1880, was and has since the date of such deed been held for corporate purposes. This land was assessed upon the general tax roll of the city for the year 1887, and was returned as delinquent, and the bill is filed in this case under Act No. 195, Laws of 1889 (3 How. Stat. p. 2936), to enforce collection of such taxes. No question is made concerning the title to the land, and the only question presented is whether the land was exempt from taxation.

The legislation affecting the organization of the University of Michigan is given in the case of *Regents v. Board of Education*, 4 Mich. 213, and need not be here repeated. Section 7 of Article 13 of the Constitution which was adopted in 1850 declares that—

"The Regents of the University, and their successors in office, shall continue to constitute the body corporate known by the name and title of 'The Regents of the University of Michigan.'"

Section 8 of the same article declares that—

"The board of regents shall have the general supervision of the university, and the direction and control of all expenditures from the university interest fund."

By these provisions the body corporate, which was at first the creation of the legislative will, has received the sanction of the Constitution, and has become a part of the fundamental law, and in some respects is not subject to legislative control or interference. It is not, however, independent of, but is part of, the State, a department to which the education of the people in the higher branches of literature, science, and the arts is confided. As such it is fostered by the State. Appropriations are made which are raised by taxation upon the property of individuals of the State. A tax is also imposed of one-twentieth of a mill upon the taxable property of the State for the support of a university. The public

character of the institution has been recognized and declared in repeated decisions of this Court. It was said in the case of *Regents v. Board of Education*, above referred to, that the corporation has been since its in-corporation in 1837—

"A public corporation, created for public purposes alone. * * * The institution was erected and has been supported by a public fund, and the corporators have no private interest whatever connected with their corporate character." And again it was said that—"the corporation was created for the purpose of administering a great public trust, and the present plaintiffs are but trustees for the same great purpose."

In the case of *Regents v. Detroit Young Men's Society*, 12 Mich. 163, it was said:

"The University of Michigan is a public corporation. The people, in their political capacity, are the corporators. It is a part of the educational system of the State, and is under the control of the Legislature, except so far as it has been placed beyond the reach of that body by the Constitution and the trust attached to the university fund. * * * It was a public corporation originally, and has been throughout. It was created to subserve a great public want,—the education of the people."

Exemption from taxation is claimed under the provision of the first subdivision of section 3 of Act No. 153, Laws of 1885 (3 How. Stat. § 1169l2), which provides that all public property belonging to this State shall be exempt from taxation.

It is contended that all of the property of the University of Michigan is public property of this State within the meaning of the above exemption. We are of the opinion that the land in question is exempt from taxation under the terms of the above statute. The property held by the Regents of the University of Michigan in their corporate capacity is the public property of the

State held by the corporation in trust for the purposes to which it was devoted.

It does not follow that the State can have no property except such as is in the control and at the disposition of the Legislature. The Legislature is not the State, but only a department of the State. All subjects of legislation otherwise than such as are excepted from their authority by the Constitution are within their jurisdiction and control. They have said that all public property belonging to the State shall be exempt from taxation. The public property belonging to the State includes the property of all public departments of the State; such as the Michigan University, the Reform School, the School for the Deaf and Dumb, the State prisons, the asylums, the Agricultural College, the State Normal School, and other public institutions supported by the State through taxation or by funds or property appropriated by public or private generosity for that purpose. It cannot be supposed that the Legislature would make large appropriations for the support of these institutions, or levy taxes for the same purpose, and then assess the property held by them in trust to carry out the same object for which such taxes are levied.

It is claimed by the solicitor for petitioner that the second subdivision of section 3 is the one applicable to the Michigan University, which exempts the personal property of library and scientific institutions incorporated under the laws of this State, and such real estate as shall be occupied by them for the purposes for which they were incorporated. We think it plain that the language of this subdivision cannot apply to the class of institutions above enumerated as exempt under the first subdivision. It refers to such institutions as are incorporated under the general laws of the State for library, benevolent, charitable, and scientific purposes, and not those

institutions which may be regarded as departments of the State provided for in the organic law, or supported by direct taxation.

The decree is affirmed, without costs.

The other Justices concurred.