JULIUS WEINBERG v. THE REGENTS OF THE UNIVERSITY OF MICHIGAN, IMPLEADED WITH JAMES B. ANGELL, JAMES H. WADE, AND CHARLES R. WHITMAN.

*Public improvements—Bond for payment of labor and material claims—Neglect to require—Regents of the University.*

1. Section 1 of Act No. 94, Laws of 1883, as amended by Act No. 45, Laws of 1885 (3 How. Stat. § 8411*a*), which provides that when public buildings or other public works or improvements are about to be built, repaired, or ornamented under contract, at the expense of this State, or of any county, city, village, township, or school-district thereof, it shall be the duty of the board of officers, or agents, making the contract, to require sufficient security by bond for the payment by the contractor and all subcontractors of all labor and material claims, does not apply to the corporation known as "the Regents of the University of Michigan;" MONTGOMERY and McGRATH, JJ., dissenting.

2. The public corporation in whose behalf the contract is made cannot be made liable under this statute, but only those officers or agents to whom is committed the duty of letting contracts for the erection of public buildings or the making of public improvements.[1]

---

[1] For cases involving the construction of this statute, and of that of which it is amendatory, see:

1. *Eaton v. City of Monroe*, 63 Mich. 525, holding that a contract with a city for building a cistern did not fall within the provisions of the act prior to its amendment.

2. *Owen v. Hill*, 67 Mich. 43, holding that a surety on a bond given to secure the performance of a contract for building a school-house cannot recover of the trustees of the district for materials furnished in the erection of the building, by reason of their failure to require the contractor to execute the statutory bond.

3. *Avery v. Board of Supervisors*, 71 Mich. 538, holding that a subcontractor is not protected by the statute.

4. *Plummer v. Kennedy*, 72 Mich. 295, holding:

*a*—That the statute is constitutional.

*b*—That members of a board of supervisors, appointed by the board to act as a committee in conjunction with the superintendents of the poor to let a contract for rebuilding a county poorhouse, and who let the contract in behalf of the county, are agents of the board, within the meaning and intent of the statute.

5. *Wells v. Board of Education*, 78 Mich. 260, holding that officers who contract for the erection of public buildings, and fail to require the contractor to execute the statutory bond, are liable in damages, at the suit of laborers and material-men injured thereby, and that they are not bound to wait until suits are brought against them before paying said claims.

Error to Washtenaw. (Kinne, J.) Submitted on briefs April 25, 1893. Decided October 27, 1893.

Case. Defendant corporation brings error. Reversed, and judgment entered for defendants. The facts are stated in the opinion.

*Charles R. Whitman,* for appellant.

*Bogle & Marquardt,* for plaintiff.

MONTGOMERY, J. The plaintiff brought suit against the Regents of the University of Michigan, James B. Angell, James H. Wade, and Charles R. Whitman to recover the value of materials furnished to one Lucas, a subcontractor in the building of the University hospital. The right of action is claimed under Act No. 94, Laws of 1883, as amended by Act No. 45, Laws of 1885 (3 How. Stat. § 8411*a*). The declaration avers:

"That the Regents of the University of Michigan is a public corporation organized and existing under the laws of the State of Michigan, created for the government of the University of Michigan, which said institution belongs to and is the property of the State of Michigan, and is maintained at the expense of this State; that the defendant James B. Angell is the president of the Regents of the University of Michigan, and the executive head of the University of Michigan; that the defendant James H. Wade is the secretary; that the defendant Charles R. Whitman is a member of the Regents of the University of Michigan; that on or about the months of July and August, A. D. 1890, the Regents of the University of Michigan advertised for proposals for the erection and completion of a hospital building for the University of Michigan, which said hospital building, so to be erected and completed, was to be and has been built at the expense of this State; that afterwards, to wit, on the first day of October, A. D. 1890, in pursuance to said advertisement and proposals received, the bid of one William Biggs, of the city of Ann Arbor, was accepted, and on or about the date aforesaid, the Regents of the University of Michigan entered into a con-

tract with said William Biggs for the erection and completion of said hospital, in consideration of the sum of, to wit, $78,556, which said contract was signed by the defendants James B. Angell, James H. Wade, president and secretary as aforesaid, and by said William Biggs; that the defendant Charles R. Whitman was a member of the committee on buildings and grounds appointed by the Regents of the University of Michigan, which building committee was given full authority to act for the said Regents of the University of Michigan until otherwise ordered; that said Charles R. Whitman, as a member of said committee, was principally in charge of said undertaking of building said hospital; that afterwards the said William Biggs, by contract with one John Lucas, sublet a portion of the job for the building and erection of said hospital; that the plaintiff, Julius Weinberg, is a laborer and material-man, engaged in the business of buying, selling, and furnishing stone, sand, and other material to contractors and other persons engaged in building, and other business in which such materials are used; that after the contract so made as aforesaid by the Regents to said Biggs, and by Biggs with said John Lucas, said Lucas, subcontractor as aforesaid, applied to the plaintiff to furnish stone for use in said hospital building, for which said Lucas agreed to pay plaintiff 85 cents for every 16 feet in length by one foot thick and one foot high, as the same was laid in the wall of said building.

"And the plaintiff further says that the defendants, the Regents of the University of Michigan, James B. Angell, James H. Wade, and Charles R. Whitman, were the board, officers, and agents of the State of Michigan, and made and entered into the contract for the erection of said hospital for and on behalf of the State of Michigan, 'and had the same built at the expense of this State; that it was the duty of said defendants as aforesaid, under section 8411a, as amended by Act No. 45, Public Acts of 1885, and sections 8411b and 8411c, Howell's Annotated Statutes, to require sufficient security by bond for the payment by the contractor and all subcontractors for all labor performed and materials furnished in the erection, repairing, or ornamenting of said hospital building."

The declaration further avers that plaintiff furnished the material in question, relying on such bond, and also avers that he has not received his pay, and concludes:

"And plaintiff further says that said defèndants, in disregard of their duty aforesaid, negligently and carelessly, and in disregard of the rights of the plaintiff, neglected to require of said contractor the bond aforesaid, and permitted the said contractor to enter into said contract for. the erection of said hospital building, and to enter upon the performance thereof, without giving security, by bond or otherwise, for the payment by said contractor and all subcontractors for the labor and materials furnished him or any subcontractor, as required by said statute."

To this declaration the defendants demurred, and the plaintiff joined in demurrer. The demurrer was sustained as to the individual defendants, and overruled as to the Regents of the University, and the plaintiff was permitted to amend as to the individual defendants. The defendant the Regents of the University of Michigan brings error. The plaintiff has, however, amended his declaration as against both defendants, and it is requested by both parties that the question of liability be here determined.

It is contended on behalf of the defendant. that the statute does not apply to the Regents of the University of Michigan; that the University buildings are not built at the expense of the State, nor àre they contracted for on behalf of the State, within the meaning of this statute; that they are constructed by a constitutional corporation, which may sue and be sued, and has power to take and hold real estate for any purpose which is calculated to promote the interests of the University.

The section, as amended by Act No. 45, Laws of 1885, provides:

" That when public buildings or other public works or improvements are about to be built, repaired, or ornamented under contract, at the expense of this State, or of any county, city, village, township, or school-district thereof, it shall be the duty of the board of officers, or agents, contracting on behalf of the State, county, city, village, township, or school-district, to require sufficient security by bond for the payment by the contractor and all subcontractors

for all labor performed or materials furnished in the erection, repairing, or ornamenting of such building, works, or improvements."

We think the statute sufficiently broad to cover the contract in question. Act No. 145, Laws of 1889, appropriated—

"For the purchase of a site for and the erection of a hospital, for the year 1889, the sum of $25,000, and for the year 1890 the sum of $25,000: *Provided*, however, that no part of the above-named appropriations for the purchase of a site for and the erection of a hospital shall be paid out of the treasury until the city of Ann Arbor shall have bound itself to contribute the sum of $25,000 for the same purpose."

Section 2 provides for the assessment of taxes to pay this appropriation. Certainly, then, the undertaking was at the expense of the State and of the city of Ann Arbor, the contribution of the city of Ann Arbor, however, becoming State property upon its appropriation. We think it clear, also, that the Regents who acted in the matter were agents contracting on behalf of the State. They are officers elected by the voters of the State, whose duties relate to the control of public property. It is altogether too technical to say that the Regents were contracting on behalf of the University; for, while this is in a sense true, it is also true that they, by the very contract in question, provided for the expenditure of State money, and for the construction of a building which it would, I think, be news to most residents of Michigan to learn is not State property. This is as much so as in the case of a school-district. *Auditor General v. Regents*, 83 Mich. 467.

It is contended by the defendant that the liability for neglect to require this bond attaches to the individuals who represented the State, county, city, village, township, or school-district in the letting of the contract, and not to the State or county or corporation of which they are directly the officers or agents. We think the defendant is

right in this contention. In *Owen v. Hill*, 67 Mich. 43, and *Plummer v. Kennedy*, 72 Id. 295, the action was brought against the individuals composing the board. In *Wells v. Board of Education*, 78 Mich. 260, it was held that the officers were personally liable for materials on failure to take the required bond. Our attention has not been called to any case in which the municipality, in the case of a township or school-district, or a public or *quasi* public corporation, has been held liable as such, and it seems to us that there are insuperable objections to so holding. The duty rests upon the officers of the State, as well as cities, counties, and school-districts. Can it be intended that the State, which must act through its public officers, is to be held liable as for a tort for a mere neglect to take the bond required by this statute? It is true that it is urged that the Board of Regents is an agent of the State. This may be true in a certain sense, but we think the board, as a board, is not the agent contemplated by this statute, but that the officers who act directly are the ones who, as individuals, fall within the purview of the act. It may be doubtful to what extent the board of managers of a hospital which is a public institution, like the one in question, can be made liable for negligence; as to which see *McDonald v. Hospital*, 120 Mass. 432; *Glavin v. Hospital*, 12 R. I. 411. We do not deem it necessary to decide whether, under such circumstances as are involved in those two cases, the board of managers of the hospital, as a corporation, may not be liable. In such a case it might well be contended that it has undertaken to perform certain duties, and established relations towards the patients which impose upon the body in control certain duties. But the ground of the plaintiff's right to recover at all in this case is that this property is State property, and, further, that the building is being constructed at the expense of the State, and that the members of the board were acting for

and on behalf of the State in making the contract. It could not be contemplated that the State or the public corporation is to be made liable. The individual guilty of the wrong or neglect of duty is the one against whom the action should be directed. Cooley, Torts, 621. The wrong is in the nature of a tort consisting of neglect of duty owing to the public generally, for which the public corporation as such is not liable, unless made so by statute.

It follows from the views expressed that the judgment should be reversed, and the case remanded, that the plaintiff may proceed against the individuals named in the amended declaration.

McGRATH, J., concurred with MONTGOMERY, J.

GRANT, J. I concur in the opinion of my Brother MONTGOMERY that under Act No. 94, Laws of 1883, as amended by Act No. 45, Laws of 1885, the public corporation cannot be made liable, but only those officers or agents of such corporation to whom is committed the duty of letting contracts for the erection of public buildings or making public improvements. But I cannot concur in holding that the statute applies to the corporation known as "the Regents of the University of Michigan." The grounds, buildings, and other property of all the other State institutions, penal, reformatory, charitable, and educational, belong to the State. These institutions are the creations of the Legislature. They are under the exclusive control and management of the State. The State, which created them, may at any time repeal the laws by which they were established, and sell the property. The public buildings, public works, and public improvements mentioned in this statute mean those over which the State has control. This is evident from the language of the statute, which says:

"It shall be the duty of the board of officers, or agents,

contracting on behalf of the State,     *  *  *     to require sufficient security by bond," etc.

The Regents make no contracts on behalf of the State, but solely on behalf of and for the benefit of the University. All the other public corporations mentioned in the Constitution, which have occasion to erect public buildings or to make public improvements, are expressly included in this statute. *Expressio unius est exclusio alterius.* It expressly enumerates the State, counties, cities, villages, townships, and school-districts. If the University were under the control and management of the Legislature it would undoubtedly come within this statute, as do the Agricultural College, Normal School, State Public School, asylums, prisons, reform schools, houses of correction, etc. But the general supervision of the University is, by the Constitution, vested in the Regents. Const. art. 13, §§ 7, 8.

"Sec. 7. The Regents of the University, and their successors in office, shall continue to constitute the body corporate known by the name and title of ' the Regents of the University of Michigan.'

"Sec. 8. The Regents of the University shall, at their first annual meeting, or as soon thereafter as may be, elect a president of the University, who shall be *ex officio* a member of their board, with the privilege of speaking, but not of voting. He shall preside at the meetings of the Regents, and be the principal executive officer of the University. The Board of Regents shall have the general supervision of the University, and the direction and control of all expenditures from the University interest fund."

Section 2, art. 13, is as follows:

"The proceeds from the sales of all lands that have been or hereafter may be granted by the United States to the State for educational purposes, and the proceeds of all lands or other property given by individuals or appropriated by the State for like purposes, shall be and remain a perpetual fund, the interest and income of which, together with the rents of all such lands as may remain unsold, shall be inviolably appropriated and annually applied to

the specific objects of the original gift, grant, or appropriation."

Under the Constitution, the State cannot control the action of the Regents. It cannot add to or take away from its property without the consent of the Regents. In making appropriations for its support, the Legislature may attach any conditions it may deem expedient and wise, and the Regents cannot receive the appropriation without complying with the conditions. This has been done in several instances.

Property aggregating in value nearly or quite half a million of dollars has been donated to the University by private individuals. Such property is the property of the University. It is not under the control of the State when it acts through its executive or legislative departments, but of the Regents, who are directly responsible to the people for the execution of their trust. So, when the State appropriates money to the University it passes to the Regents, and becomes the property of the University, to be expended under the exclusive direction of the Regents, and passes beyond the control of the State through its legislative department.

The University and the school-district are both provided for in the same article of the Constitution. Why should the Legislature mention the school-district in this statute, and leave out the University, if it was its intention to include the latter? The University is the property of the people of the State, and in this sense is State property, so as to be exempt from taxation. *Auditor General v. Regents,* 83 Mich. 467. But the people, who are the corporators of this institution of learning, have, by their Constitution, conferred the entire control and management of its affairs and property upon the corporation designated as "the Regents of the University of Michigan," and have thereby excluded all departments of the State government from

any interference therewith.    The fact that it is State property does not bring the Regents within the purview of the statute.    The people may, by their Constitution, place any of its institutions or property beyond the control of the Legislature.

This Court has refused to compel the Regents to comply with certain provisions of acts of the Legislature against their judgment that they were not for the best interests of the University.    *People v. Regents,* 4 Mich. 104; *People v. Regents,* 18 Id. 469; *People v. Regents,* 30 Id. 473.    The Legislature was undoubtedly cognizant of the above decisions, for the questions involved were of considerable public interest.

These considerations lead me to the conclusion that the Regents are not included in this act, and that the judgment should be reversed, and judgment entered in this Court for the defendants.

Judgment entered accordingly.

HOOKER, C. J., and LONG, J., concurred with GRANT, J.