AGLER *v.* MICHIGAN AGRICULTURAL COLLEGE.

1. COLLEGES AND UNIVERSITIES—CONSTITUTIONAL LAW—MICHIGAN AGRICULTURAL COLLEGE — MASTER AND SERVANT — WORKMEN'S COMPENSATION.

Neither the legislature nor any officer or board of the State may interfere with the affairs and property of the university or the Michigan Agricultural College, although in making appropriations for its support the legislature may attach any conditions that it deems expedient, and the appropriation cannot be received without complying with the expressed conditions.

2. SAME—MUNICIPAL CORPORATIONS.

Not having elected to be brought within the provisions of the workmen's compensation law, Act No. 10, Extra Session 1912 (2 How. Stat. [2d Ed.] § 3939 *et seq.*), the Michigan Agricultural College is not subject to its terms.

3. SAME—MASTER AND SERVANT.

A servant of the college or of the State board of agriculture is not a servant of the State, within the meaning of the statute.

William M. Agler applied to the industrial accident board for compensation for injuries received while in the employ of the Michigan Agricultural College. An order awarding compensation is reviewed by the respondent on certiorari. Submitted April 24, 1914. (Docket No. 89.)  Reversed July 24, 1914.

*Grant Fellows,* Attorney General, and *L. W. Carr,* Assistant Attorney General, for appellant.

*Person, Shields & Silsbee,* for appellee.

The applicant, who is a tinner and roofer by trade, was injured, on April 18, 1913, by falling from a ladder while making repairs on the buildings of the respondent.  A claim was presented against the respondent under the workmen's compensation law of

1912, and the case is brought here by certiorari to the industrial accident board to review an order affirming the award made to the applicant by an arbitration committee, in accordance with the provisions of the act. Neither the Michigan Agricultural College nor the State board of agriculture, which has general supervision of the college and direction and control of all its funds, elected to come under the provisions of the workmen's compensation act. No mention is made in the act of either of the constitutional boards; the board of regents of the University and the State board of agriculture, and the question here is, Does the act bring arbitrarily under its provisions the State board of agriculture, which is a board created by the Constitution (sections 7 and 8, art. 11, Const.)? This involves a consideration of the following sections of the act:

"PART 1.

"SEC. 5. The following shall constitute employers subject to the provisions of this act:

"1. The State and each county, city, township, incorporated village and school district therein;

"2. Every person, firm and private corporation, including any public service corporation, who has any person in service under any contract of hire, express or implied, oral or written, and who, at or prior to the time of the accident to the employee for which compensation under this act may be claimed, shall in the manner provided in the next section, have elected to become subject to the provisions of this act, and who shall not, prior to such accident, have effected a withdrawal of such election, in the manner provided in the next section. * * *

"SEC. 7. The term 'employee' as used in this act shall be construed to mean:

"1. Every person in the service of the State, or of any county, city, township, incorporated village or school district therein, under any appointment, or contract of hire, express or implied, oral or written, except any official of the State, or of any county, city, township, incorporated village or school district there-

in: *Provided,* that one employed by a contractor who has contracted with a county, city, township, incorporated village, school district or the State, through its representatives, shall not be considered an employee of the State, county, city, township, incorporated village or school district which made the contract;

"2. Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, and also including minors who are legally permitted to work under the laws of the State. who, for the purposes of this act, shall be considered the same and have the same power to contract as adult employees, but not including any person whose employment is but casual or is not in the usual course of the trade, business, profession or occupation of his employer."

In the stipulation filed in this case the following appears:

"It is agreed that the draft of the workmen's compensation act as prepared by the commission and as presented to the legislature contained a period after the word 'contract' at the end of the first subdivision of paragraph 7 of part 1."

KUHN, J. (*after stating the facts*). By virtue of the Constitution of 1909, the State board of agriculture was put on the same plane with the board of regents of the University of Michigan. It has been established beyond question by decisions of this court that neither the legislature nor any officer or board of this State may interfere with the control and management of the affairs and property of the University, although in making appropriations for its support the legislature may attach any conditions it may deem expedient and wise, and the appropriation cannot be received without complying with the conditions. *People, ex rel. Drake,* v. *Regents,* 4 Mich. 98; *Weinberg* v. *Regents,* 97 Mich. 246 (56 N. W. 605); *Sterling* v. *Regents,* 110 Mich. 369 (68 N. W. 253, 34 L.

181 Mich.—36.

R. A. 150); *Bauer* v. *State Board of Agriculture,*
164 Mich. 415 (129 N. W. 713); *Board of Regents*
v. *Auditor General,* 167 Mich. 444 (132 N. W. 1037).

Section 5, part 1, of the workmen's compensation
law (2 How. Stat. [2d Ed.] § 3939), expressly enumer-
ates the State and counties, cities and villages, town-
ships and school districts. Neither of the constitu-
tional boards is mentioned. In the case of *Weinberg*
v. *Regents, supra,* there was under consideration an
act of the legislature which provided:

"That when public buildings, or other public works
or improvements are to be built, repaired or orna-
mented under contract, at the expense of this State,
or of any county, city, village, township, or school dis-
trict thereof, it shall be the duty of the board of
officers or agents contracting on behalf of the State,
county, city, village, township, or school district, to
require sufficient security by bond, for the payment
by the contractor, and all subcontractors, for all labor
performed, or materials furnished in the erection, re-
pairing or ornamenting of such building, works or
improvements." Act No. 45, Pub. Acts 1885.

Mr. Justice GRANT, in writing the majority opinion
said, 97 Mich., at pages 253, 254 (56 N. W. 607):

"The regents make no contracts on behalf of the
State, but solely on behalf of and for the benefit of
the University. All the other public corporations men-
tioned in the Constitution, which have occasion to
erect public buildings or to make public improve-
ments, are expressly included in this statute. '*Ex-
pressio unius est exclusio alterius.*' It expressly
enumerates the State, counties, cities, villages, town-
ships, and school districts. If the University were
under the control and management of the legislature,
it would undoubtedly come within this statute, as do
the Agricultural College, Normal School, State Public
School, asylums, prisons, reform schools, houses of
correction, etc. But the general supervision of the
University is, by the Constitution, vested in the re-
gents. * * *

"The University is the property of the people of

the State, and in this sense is State property so as to be exempt from taxation. *Auditor General* v. *Regents*, 83 Mich. 467 [47 N. W. 440, 10 L. R. A. 376]. But the people, who are the corporators of this institution of learning, have, by their Constitution, conferred the entire control and management of its affairs and property upon the corporation designated as 'the Regents of the University of Michigan,' and have thereby excluded all departments of the State government from any interference therewith. The fact that it is State property does not bring the regents within the purview of the statute. The people may, by their Constitution, place any of its institutions or property beyond the control of the legislature."

The contract of employment in the instant case was made with the State board of agriculture, not on behalf of the State, but primarily for the benefit of the Agricultural College. For the reasons stated by Mr. Justice GRANT in the *Weinberg Case,* we must conclude that it cannot be said that the State board of agriculture or the regents of the University are brought under the workmen's compensation act by virtue of said section 5 of part 1 of the act, and it cannot be said that the applicant was an employee of the State within the meaning of said law. The conclusion must therefore follow that the respondent was not within the list of employers who come under the provisions of the law of 1912 automatically; and, inasmuch as the respondent has made no election to come thereunder, the applicant is not entitled to recover in this proceeding.

Because of this conclusion, it is unnecessary to discuss the other interesting and well-argued questions raised in briefs of counsel. The decision of the industrial accident board is reversed, and the claim of the applicant is disallowed.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.