BRANUM *v.* BOARD OF REGENTS OF
UNIVERSITY OF MICHIGAN.

1. TORTS—GOVERNMENTAL IMMUNITY—AUTOMOBILES—INSURANCE.
    The board of regents of the University of Michigan did not waive the defense of governmental immunity in tort actions merely by taking out a policy of automobile liability insurance.

2. COLLEGES AND UNIVERSITIES—BOARD OF REGENTS—STATES.
    The board of regents of the University of Michigan remains a part of the government of the State though not subject to the control of the legislature.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 15 Am Jur 2d, Colleges and Universities § 35.
[2] 15 Am Jur 2d, Colleges and Universities § 7.
[5] 5 Am Jur 2d, Appeal and Error § 1009.

3. TORTS—PUBLIC POLICY—DEFENSE OF GOVERNMENTAL IMMUNITY.
    It is the public policy of this State that the defense of govern-
    mental immunity to tort actions should no longer exist.

4. COLLEGES AND UNIVERSITIES—GOVERNMENTAL IMMUNITY—STATUTE
    —PUBLIC POLICY.
    The University of Michigan is an independent branch of State
    government insofar as the operation and allocation of funds
    of the University are concerned, but it is part of the govern-
    ment of the State and subject to the statutes and public policy
    which eliminate governmental immunity as a defense to a
    tort action against the State.

5. COSTS—PUBLIC QUESTION—UNIVERSITY EMPLOYEE—TORTS—GOV-
    ERNMENTAL IMMUNITY.
    Costs are not awarded in action against the regents of the Uni-
    versity of Michigan for damages to plaintiff when struck by
    truck driven by an employee of the regents, a public question
    being involved.

Appeal from the Court of Claims; Coleman
(Creighton R.), J., presiding.  Submitted Division 2
June 6, 1966, at Lansing.  (Docket No. 714.)  De-
cided November 9, 1966.  Leave to appeal granted
by Supreme Court March 9, 1967.  See 379 Mich 753.
Appeal dismissed October 17, 1967, per stipulation.

Claim by Carl M. Branum and Joyce Branum
against the State of Michigan and the Board of
Regents of the University of Michigan for dam-
ages sustained when Joyce Branum was allegedly
struck by a truck driven by an employee of defend-
ants.  Judgment for defendants.  Plaintiffs appeal.
Reversed and remanded.

*James R. Temple* and *Wallace A. Temple (Donald
M. Cutler,* of counsel), for plaintiffs.

*Burke, Burke, Ryan & Roberts,* for defendants.

McGREGOR, P. J.  This action arose as the result
of an injury sustained by Joyce Branum on July 2,
1963.  At about 3:15 p.m., plaintiff was struck by a

truck owned by the University of Michigan, being driven by Harold F. Dresselhouse, an employee of the University of Michigan. Mrs. Branum was injured when the truck left the street, went over the curb and sidewalk, and struck her. The plaintiff Carl Branum is the husband of Joyce Branum and makes his claim for loss of consortium and medical expenses of his wife.

The statement of claim was filed in the court of claims on October 3, 1963. Plaintiffs argue that the legislature of the State of Michigan did abolish the defense of governmental immunity for the State of Michigan and the board of regents of the University of Michigan, or—alternatively—that the purchase of automobile liability insurance by the board of regents of the University of Michigan did waive any claim that it might have of governmental immunity. The plaintiffs argue that, in any event, the State of Michigan would be liable upon the accident because the State of Michigan was, in fact, the owner of the truck, even though it was registered in the name of the board of regents of the University of Michigan. The defendants based their defense on the governmental immunity of the board of regents of the University of Michigan. They argue that the legislature of the State of Michigan could not waive the governmental immunity of the University of Michigan, as it is a constitutional corporation and not subject to the control of the legislature. On March 22, 1965, the court of claims ordered a summary judgment of no cause of action, based upon the defendants' previous motion to dismiss.

The decision of this Court could be simplified if we could adopt the plaintiffs' arguments that purchase of automobile liability insurance by the defendant board of regents of the University of Michigan acted to waive governmental immunity of the board

of regents to the extent of the insurance coverage. Opinions from the courts of some sister States have adopted such a position. *Marshall* v. *City of Green Bay* (1963), 18 Wis 2d 496 (118 NW2d 715); *Schoening* v. *U. S. Aviation Underwriters, Inc.* (1963), 265 Minn 119 (120 NW2d 859); *Taylor* v. *Knox County Board of Education* (1942) 292 Ky 767 (167 SW2d 700, 145 ALR 1333); *Marion County* v. *Cantrell* (1933), 166 Tenn 358 (61 SW2d 477); *Vendrell* v. *School District # 266 (Oregon)* (1961), 226 Or 263 (360 P2d 282). The Supreme Court of the State of Michigan had the chance to adopt such a position in the opinion of Justice BLACK in *Christie* v. *Board of Regents of the University of Michigan* (1961), 364 Mich 202, but did not adopt such a position. It is noted that Justice BLACK, in the later case of *Sayers* v. *School District # 1 Fractional* (1962), 366 Mich 217, abandoned his former position in the face of the "overwhelming edict" on the part of his fellow Justices on the Supreme Court against his position. This Court cannot, therefore, rule that the board of regents waived governmental immunity by taking out a policy of automobile liability insurance, in view of the recent action on this question by the Supreme Court of the State of Michigan.

We must decide whether the waiver of governmental immunity by the State of Michigan, PA 1961, No 236 §§ 2904, 6475 (CLS 1961, §§ 600.2904, 600-.6475, Stat Ann 1962 Rev §§ 27A.2904, 27A.6475), did waive the governmental immunity of the board of regents of the University of Michigan.

The defendants argue that historically, by judicial decisions of the Supreme Court of the State of Michigan, the board of regents of the University of Michigan has not been held subject to the control of the legislature. See *Weinberg* v. *Regents of University*

*of Michigan* (1893), 97 Mich 246; *Sterling* v. *Regents of University of Michigan* (1896), 110 Mich 369 (34 LRA 150); *Board of Regents of University of Michigan* v. *Auditor General* (1911), 167 Mich 444; *Robinson* v. *Washtenaw Circuit Judge* (1924), 228 Mich 225. This Court recognizes the wisdom of establishing a separate governing body of the University of Michigan, free from the political influences that are necessarily a part of a State legislature. This Court recognizes that such independence must be maintained in educational matters in order to provide the highest quality education for the students of Michigan, and in order to maintain the outstanding national reputation of the University.

In spite of its independence, the board of regents remains a part of the government of the State of Michigan. The Supreme Court of the State of Michigan has ruled that the judicial doctrine of governmental immunity no longer exists in Michigan. Justice EDWARDS, in *Williams* v. *City of Detroit* (1961), 364 Mich 231, 250, so ruled, and was concurred in by three other justices. It is clear that the public policy of Michigan is that the defense of governmental immunity to tort actions should no longer exist.

The governing bodies of both the University of Michigan and Michigan State University are equal in both creation and power. In *Peters* v. *Michigan State College* (1948), 320 Mich 243, the Supreme Court, by handing down a split 4–4 decision, affirmed the lower court decision that Michigan State College was not immune from the workmen's compensation act. It is the opinion of this Court that the legislature can validly exercise its police power for the welfare of the people of this State, and a constitutional corporation such as the board of regents of the University of Michigan can lawfully be affected thereby. The University of Michigan is an independent

branch of the government of the State of Michigan, but it is not an island.   Within the confines of the operation and the allocation of funds of the University, it is supreme.   Without these confines, however, there is no reason to allow the regents to use their independence to thwart the clearly established public policy of the people of Michigan.

The decision of the court of claims is reversed and the case remanded to the court of claims for determination upon the merits.   No costs are awarded because of the public nature of the questions involved.

T. G. KAVANAGH and J. H. GILLIS, JJ., concurred.