## BOARD OF CONTROL OF EASTERN MICHIGAN UNIVERSITY *v.* LABOR MEDIATION BOARD

1. CONSTITUTIONAL LAW—COLLEGES AND UNIVERSITIES—LEGISLATIVE AUTHORITY—CONSTITUTIONAL CORPORATION.

   A constitutional corporation such as the board of control of a state university may lawfully be affected in exercise by the legislature of its police power for the welfare of the people of the state (Const 1963, art 8, § 6).

2. CONSTITUTIONAL LAW—LABOR RELATIONS—PUBLIC EMPLOYER—PUBLIC EMPLOYEES.

   The statute prohibiting strikes by public employees and regulating the rights of public employers and employees is within the constitutional authority of the legislature and promotes the general welfare of the people of the state by attempting to resolve labor disputes of public employees (CL 1948, § 423-.201 *et seq.*, as amended).

3. COLLEGES AND UNIVERSITIES—LABOR RELATIONS—PUBLIC EMPLOYER—PUBLIC EMPLOYEE.

   Eastern Michigan University held to be a public employer and its employees to be public employees within the meaning of the statute regulating the rights of public employees (CL 1948, § 423.201 *et seq.*, as amended).

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 2 April 17, 1969, at Lansing. (Docket No. 4,857.)  Decided July 30, 1969.  Leave to appeal granted March 25, 1970.  See 383 Mich 774.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3]  15 Am Jur 2d, Colleges and Universities § 7.
[2]  31 Am Jur 2d, Labor § 395.

Complaint by the Board of Control of Eastern Michigan University against the Labor Mediation Board for a declaratory judgment stating that plaintiff is not a public employer within the meaning of PA 1947, No 336 as amended. Judgment for defendant. Plaintiff appeals. Affirmed.

*Dykema, Wheat, Spencer, Goodnow and Trigg* (*James D. Tracy* and *Ronald Santo* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky, Francis J. Carrier,* and *Gerald F. Young,* Assistant Attorneys General, for defendant.

Before: McGregor, P. J., and R. B. Burns and Danhof, JJ.

R. B. Burns, J. Eastern Michigan University is an institution of higher education established by law having authority to grant baccalaureate degrees. Plaintiff is the constitutionally designated body granted the power generally to supervise and control the university. Defendant is an unincorporated state administrative agency created by PA 1939, No 176, as amended, MCLA § 423.3 (Stat Ann 1968 Rev § 17.454[3]). The university employs academic and nonacademic personnel. The American Federation of State, County and Municipal Employees (Council 7 and Local 1666) filed a petition with defendant for certification as the exclusive bargaining representative for the non-teaching employees at the physical plant department of the university, excluding supervisory, executive, administrative, stenographic and clerical employees. Defendant held a public hearing on this petition and plaintiff objected

to defendant assuming jurisdiction of the matter on the basis that plaintiff was a constitutional body corporate, had exclusive control of the university, and was not subject to PA 1947, No 336. MCLA § 423.201 *et seq.* (Stat Ann 1968 Rev § 17.455[1] *et seq.*). The board ruled that plaintiff was a public employer under the act and fell within its jurisdiction.

Following this decision by the board, plaintiff filed a complaint seeking a declaratory judgment to the effect that it is not a public employer within the meaning of PA 1947, No 336, and that to apply it to plaintiff is a violation of Const 1963, art 8, § 6. The trial court held that PA 1947, No 336, as amended by PA 1965, Nos 379 and 397, could be applied to plaintiff and that the employees of the board of control of Eastern Michigan University are public employees. Plaintiff appeals.

Plaintiff argues first that the application of PA 1947, No 336 to it violates the rights given to the board as a constitutional body by Const 1963, art 8, § 6. Second, they allege that the employees of Eastern Michigan University cannot be considered public employees under the act since the effect is again contrary to their right under the constitution.

Plaintiff's argument on the first point is based upon the 1963 Michigan constitution's creation of a separate board of control to deal with all matters pertaining to Eastern Michigan University. Const 1963, art 8, § 6 states:

"Other institutions of higher education established by law having authority to grant baccalaureate degrees shall each be governed by a board of control which shall be a body corporate. The board shall have general supervision of the institution and the control and direction of all expenditures from the institution's funds."

The plaintiff claims this section prohibits the legislature from passing any act which in any way interferes with plaintiff's general supervision of the university. Cases have been cited by plaintiff wherein the Supreme Court has held that acts of the legislature interfered with constitutional bodies' general supervision of institutions and, therefore, were unconstitutional. Those cases have involved statutes enacted for specific purposes affecting the general supervision of the institution.

In *People, ex rel Attorney General* v. *Regents of the University* (1874), 30 Mich 473, the Court denied a writ of mandamus to compel the university to appoint, install and maintain two professors of homeopathy in the department of medicine. In *Sterling* v. *Regents of University of Michigan* (1896), 110 Mich 369, the Court held that the legislature could not direct the board of regents to establish a homeopathic medical college as a branch of the university at Detroit.

Const 1963, art 4, § 48 provides:

"The legislature may enact laws providing for the resolution of disputes concerning public employees, except those in the state classified civil service."

The legislature has acted under this authority, prohibited strikes and provided that grievances be submitted to the defendant board. *Peters* v. *Michigan State College* (1948), 320 Mich 243, held that Michigan State College, a constitutional corporation, was subject to the provisions of the Michigan Workmen's Compensation Act as passed by the legislature; that defendant was an "incorporated public board." In *Branum* v. *Board of Regents of the University of Michigan* (1966), 5 Mich App 134, the board of regents argued that the legislature could

not waive the governmental immunity of the University of Michigan as it was a constitutional corporation and not subject to the control of the legislature. The Court rejected the defendant's argument, stating on pp 138, 139:

"It is the opinion of this Court that the legislature can validly exercise its police power for the welfare of the people of this State, and a constitutional corporation such as the board of regents of the University of Michigan can lawfully be affected thereby. The University of Michigan is an independent branch of the government of the State of Michigan, but it is not an island. Within the confines of the operation and the allocation of funds of the University, it is supreme. Without these confines, however, there is no reason to allow the regents to use their independence to thwart the clearly established public policy of the people of Michigan."

The plaintiff is a public employer and its employees are public employees. The act as passed by the legislature was within the authority granted by the constitution and it promotes the general welfare of the people of the State of Michigan by attempting to resolve labor disputes of public employees.

Affirmed. No costs, a public question being involved.

All concurred.