BOARD OF CONTROL OF EASTERN MICHIGAN UNIVERSITY
*v.* LABOR MEDIATION BOARD

1. COLLEGES AND UNIVERSITIES — CONSTITUTIONAL LAW — CORPORA-
TIONS.
   A constitutional corporation, such as the Board of Control of
   Eastern Michigan University, has the entire control and man-
   agement of its affairs and property.

2. COLLEGES AND UNIVERSITIES—CONSTITUTIONAL LAW—LABOR RELA-
TIONS—PUBLIC EMPLOYMENT.
   The Michigan Supreme Court finds no plenary grant of powers
   in the Michigan Constitution which, by any stretch of the
   imagination, would take operations of the Board of Control
   of Eastern Michigan University outside of the area of public
   employment (Const 1963, art 8, § 6).

3. LABOR RELATIONS—PUBLIC EMPLOYMENT—GOVERNMENTAL ACTIV-
ITY—STATUTES.
   "Public employment", under the statute regulating public em-
   ployees, is clearly intended to apply to employment or serv-
   ice in all governmental activity, whether carried on by the state
   or townships, cities, counties, commissions, boards or other
   governmental instrumentalities (MCLA § 423.15).

4. LABOR RELATIONS—PUBLIC EMPLOYMENT—CIVIL SERVICE—CONSTI-
TUTIONAL LAW.
   The public policy of this state as to labor relations in public
   employment is for legislative determination and the sole ex-
   ception to the exercise of the legislative power is the state
   classified civil service, the scheme for which is spelled out in
   detail in the Michigan Constitution (Const 1963, art 4, § 48;
   art. 11).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  15 Am Jur 2d, Colleges and Universities § 3.
[3–5]  48 Am Jur 2d, Labor and Labor Relations § 1191 *et seq.*

5. COLLEGES AND UNIVERSITIES—LABOR RELATIONS.

Autonomy sought by Board of Control of Eastern Michigan University in the area of labor relations is unnecessary for it to maintain the entire control and management of its affairs and property.

Appeal from Court of Appeals, Division 2, McGregor, P. J., and R. B. Burns and Danhof, JJ., affirming Washtenaw, William F. Ager, Jr., J. Submitted February 2, 1971. (No. 21 January Term 1971, Docket 52,562.) Decided April 5, 1971.

18 Mich App 435 affirmed.

Complaint by the Board of Control of Eastern Michigan University against the Labor Mediation Board for declaratory judgment that plaintiff is not a public employer and its employees are not public employees within the meaning of PA 1947, No 366, as amended, and that defendant has no jurisdiction over plaintiff or that university. Judgment for defendant. Plaintiff appealed to Court of Appeals. Affirmed. Plaintiff appeals. Affirmed.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *James D. Tracy, Ronald J. Santo,* and *Daniel G. Wyllie*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky* and *Gerald F. Young,* Assistant Attorneys General, for defendant.

PER CURIAM. Plaintiff brought this action to obtain declaratory relief, seeking a judicial determination as to whether Eastern Michigan University is a public employer within the meaning of PA 1947, No 336, as amended by PA 1965, No 379, and is sub-

ject to the jurisdiction of the Labor Mediation
Board. Section 15 of the act requires a public em-
ployer to bargain collectively with the representa-
tives of its employees and authorizes a public em-
ployer to make and enter into collective bargaining
agreements with such representatives. MCLA §
423.215 (Stat Ann 1968 Rev § 17.455[15]). The
Board had asserted jurisdiction in connection with
a petition filed with it by Eastern Michigan Univer-
sity employees for certification of the American Fed-
eration of State, County and Municipal Employees
(Council 7 and Local 1666) as the exclusive bargain-
ing representative for non-teaching employees at the
Physical Plant Department of Eastern Michigan
University.

In denying declaratory relief, The Honorable
William F. Ager, Jr., Circuit Judge, rendered an
opinion in which he stated as follows:

"Article VIII, Sections 5 and 6, provide that the
Regents and Central Michigan Board and Eastern
Michigan Board 'shall have general supervision of
its institution and the control and direction of all ex-
penditures from the institution's funds. The Court
is of the opinion that Eastern Michigan Board and
Central Michigan Board have the same constitu-
tional powers and rights under these provisions as
the Regents so far as general supervision of the
institutions is concerned and the expenditures from
the Institution's funds.' [*sic.*] Article IV, Section
48, provides that 'The legislature may enact laws
providing for the resolution of disputes concerning
public employees, except those in the state classified
civil service.'

"The Court must determine whether these provi-
sions conflict. The Court must harmonize different
sections of the Constitution when possible, and when
interpreting one section of the Constitution must
assume that the framers of the Constitution when

drafting that section had knowledge of the other provisions. In construing the Constitution, one part of that document is not to be allowed to defeat another, if by any reasonable construction the two can be reconciled.

"It is the Court's opinion that there is no reason that the two provisions of the Constitution cannot stand together. Article VIII, Sections 5 and 6, were not meant to exempt the Regents and Boards from all laws passed by the legislature. It is not an unlimited grant. For instance, it has never been claimed that they would be exempt from the criminal laws when exercising their supervisory powers over the institutions. As the Supreme Court has stated (*Branan* [*sic*] case,* 5 Mich. App. 132 [*sic*]) ' . . . it (the University) is not an island.' It is not felt that Article IV, Section 48, would intrude on Regent's or Boards' exclusive power to supervise the affairs of their institutions. This section could just as well have excluded employees of the University of Michigan, Eastern Michigan University, or Central Michigan University as those under state classified civil service, if the framers of the Constitution had intended this. It must be remembered that the Act under consideration does not impose an obligation on parties (employer or employee) to agree to any proposal or to require the making of a concession. Neither party is forced under the act to enter into any agreement. The Act mainly deals with the rights of employees. It sets forth procedure for employees to elect exclusive bargaining units to represent them and to meet with employers. Employers must meet with them but are not compelled to agree." (Footnote added.)

Upon appeal to the Court of Appeals, that court affirmed (18 Mich App 435). We granted leave to appeal (383 Mich 774).

---

* *Branum* v. *Board of Regents of University of Michigan* (1966), 5 Mich App 134.

## THE QUESTION

Is plaintiff a public employer within the meaning of the statute regulating public employees?

## DISCUSSION AND DECISION

The powers and prerogatives of Michigan universities have been jealously guarded not only by the boards of those universities but by this Court in a series of opinions running as far back as 1856. See, *The People ex rel. Drake* v. *The Regents of the University of Michigan* (1856), 4 Mich 98; *The People* v. *The Regents of the University* (1869), 18 Mich 469; *The People, ex rel. Attorney General* v. *The Regents of the University* (1874), 30 Mich 473; *Weinberg* v. *The Regents of the University of Michigan* (1893), 97 Mich 246; *Sterling* v. *Regents of the University of Michigan* (1896), 110 Mich 369; *Board of Regents of the University of Michigan* v. *Auditor General* (1911), 167 Mich 444; *Agler* v. *Michigan Agricultural College* (1914), 181 Mich 559; *People, for use of Regents of the University of Michigan,* v. *Brooks* (1923), 224 Mich 45; and *State Board of Agriculture* v. *Auditor General* (1924), 226 Mich 417.

The above cases reflect the holdings of this Court that a constitutional corporation, such as plaintiff, has "the entire control and management of its [the University's] affairs and property." *Weinberg* v. *The Regents of the University of Michigan, supra.* In the main, they deal with situations where the legislature attempted to impose its will upon the internal operations of a university.

Art 4, § 48 of the Michigan Constitution of 1963 reads:

"The legislature may enact laws providing for the resolution of disputes concerning public employees, except those in the state classified civil service."

The Address to the People accompanying this section provides:

"This is a revision of Sec. 7, Article XVI, of the present [1908] constitution to make it clear that the legislature has power to establish procedures for settling disputes in public employment. The section does not specify what the procedure shall be, but leaves that decision to future legislatures. The state classified civil service is exempted because the constitution has specific provisions in this area." Official Record, Constitutional Convention of 1961, Vol II, p 3377.

Art 8, § 6 of the Michigan Constitution of 1963 provides:

"Other institutions of higher education established by law having authority to grant baccalaureate degrees shall each be governed by a board of control which shall be a body corporate. The board shall have general supervision of the institution and the control and direction of all expenditures from the institution's funds."

Here we find no plenary grant of powers which, by any stretch of the imagination, would take plaintiff's operations outside of the area of public employment. "Public employment" is clearly intended to apply to employment or service in all governmental activity, whether carried on by the state or by townships, cities, counties, commissions, boards or other governmental instrumentalities. It is the entire public sector of employment as distinguished from private employment. The public policy of this state as to labor relations in public employment is for legislative determination. The sole exception to the exercise of legislative power is the state classified civil service, the scheme for which is spelled out in detail in Article 11 of the Constitution of 1963. We con-

clude that the autonomy sought by plaintiff in the area of labor relations is unnecessary for it to maintain "the entire control and management of its affairs and property."

Since we find no conflict in the provisions of the Constitution of 1963, it is unnecessary to determine whether the legislature could have enacted PA 1947, No 336, as amended by PA 1965, No 379, as an exercise of the police power. See *Branum* v. *Board of Regents of University of Michigan* (1966), 5 Mich App 134.

The circuit court and the Court of Appeals are affirmed. No costs, a public question being involved.

T. M. KAVANAGH, C. J., and ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.

BLACK, J., concurred in the result.