SCHMIDT v REGENTS OF THE UNIVERSITY OF MICHIGAN

CONSTITUTIONAL LAW—ADMINISTRATIVE LAW—CONSTITUTIONAL CORPO-
RATIONS—BOARDS OF REGENTS—RESIDENCY—LEGISLATURES—
POWERS.

The Constitution gives the Regents of the University of Michigan
general supervisory powers over its institution and control and
direction over expenditures from the institution's funds; it is a
constitutional corporation which, within the scope of its func-
tion is co-ordinate with and equal to that of the Legislature
and, therefore, is empowered, within the course and scope of its
authority, to determine residency for the exclusive purpose of
attendance at the University of Michigan (Const 1963, art 8,
§ 5).

Appeal from Washtenaw, Edward D. Deake, J.
Submitted June 6, 1975, at Lansing. (Docket No.
22194.) Decided July 23, 1975. Leave to appeal
denied, 395 Mich 771.

Complaint by George Schmidt, Thomas V. Colby,
Michele Hoyman and Pamela Maloney on behalf
of themselves and others similarly situated against
the Regents of the University of Michigan seeking
resident status for tuition purposes and a partial
refund of tuition paid. Judgment for defendant.
Plaintiffs appeal. Affirmed.

*Virtue & Carpenter, P. A.,* for plaintiffs.

*Roderick K. Daane,* for defendant.

Before: BASHARA, P. J., and J. H. GILLIS, and
M. F. CAVANAGH, JJ.

REFERENCE FOR POINTS IN HEADNOTE
1 Am Jur 2d, Administrative Law § 131 *et seq.*

PER CURIAM. This is a class action on behalf of all students who had been denied resident status for tuition purposes under the residency regulations adopted by the Regents of the University of Michigan on June 22, 1973. Both plaintiffs and defendant moved for summary judgment. The trial court granted summary judgment in favor of defendant pursuant to GCR 117.2(1) and (3) upon the grounds that plaintiffs failed to state a claim upon which relief could be granted, and that there was no genuine issue of material fact.

Const 1963, art 8, § 5 gives the Regents of the University of Michigan general supervision over its institution and control and direction over expenditures from the institution's funds. Plaintiffs concede that this constitutional grant enables the defendant to determine resident and non-resident tuition. However, plaintiffs contend that the defendant may not determine residency for the purpose of tuition because this is a legislative function that affects the entire state and as such it cannot be delegated by the Legislature to the Regents.

It is indisputable that the Legislature has the authority to define "resident" or "residence" for a given purpose. MCLA 206.18; MSA 7.557(118), (State Income Tax Act defining resident), MCLA 141.609; MSA 5.3194(19), (City Income Tax Act defining resident), MCLA 168.11; MSA 6.1011, (Michigan Election Law defining residence), MCLA 436.2L; MSA 18.972(12), (Liquor Control Act defining residence), MCLA 3.701; MSA 4.146(1) (Interstate Compact on Juveniles defining residence). In the *Board of Regents of the University of Michigan v Auditor General,* 167 Mich 444, 450; 132 NW 1037 (1911) it was held:

"[T]he board of regents is made the highest form of juristic person known to the law, a constitutional corpo-

ration of independent authority, which, within the scope of its function, is co-ordinate with and equal to that of the legislature."

Since the Legislature may define "residence", the Regents, likewise, may define residence within the course and scope of its authority. We hold that included within the Regents' power to establish tuition is the power to determine residency for the exclusive purpose of attendance at the University of Michigan.

Affirmed.