MICHIGAN UNITED CONSERVATION CLUBS v BOARD OF
TRUSTEES OF MICHIGAN STATE UNIVERSITY

Docket No. 97758. Submitted November 13, 1987, at Lansing. Decided
August 11, 1988.

Michigan United Conservation Clubs and Ronald England, a
Michigan State University student desirous of fishing in the
Red Cedar River from its banks on university property, brought
an action in the Ingham Circuit Court against the Board of
Trustees of Michigan State University. Plaintiffs sought to have
declared invalid Ordinance 49, which was promulgated by
defendant to prohibit the shooting, taking or molesting of birds,
fish or wildlife on all lands and water under the control of and
governed by defendant. On cross-motions for summary disposi-
tion, the trial court, Michael G. Harrison, J., entered a judg-
ment in favor of defendant, ruling that defendant has the
authority to prohibit fishing from its river banks and to restrict
access to the river from university land, but no authority to
regulate fishing in the river by persons who gained access off of
university land. Plaintiffs appealed.

The Court of Appeals held:

1. The enactment of the challenged ordinance was within the
constitutional and statutory authority given to defendant to
control and manage university property and to promote the
objectives of the university.

2. The constitutional basis for the creation and independence
of defendant requires that, in the absence of a violation of the
constitution or public policy, deference be given to its judgment
as to the wisdom of ordinances enacted within its authority.
Here, plaintiffs failed to demonstrate that the challenged ordi-
nance was either unconstitutional or violative of public policy.

Affirmed.

1. Colleges and Universities — Constitutional Law — Michigan
State University Board of Trustees — Ordinances.
The enactment by the Board of Trustees of Michigan State

References
Am Jur 2d, Colleges and Universities §§ 5, 32, 35.
See the Index to Annotations under Colleges and University.

University of an ordinance designating all lands and water under its control as a wildlife, fish and bird sanctuary and prohibiting the shooting, taking or molesting of birds, fish or wildlife from such lands and water was within the constitutional and statutory authority given to the board of trustees to control and manage university property and to promote the objectives of the university (Const 1963, art 8, § 5; MCL 390.106; MSA 15.1126).

2. COLLEGES AND UNIVERSITIES — CONSTITUTIONAL LAW — MICHIGAN STATE UNIVERSITY BOARD OF TRUSTEES — ORDINANCES — JUDICIAL CONSTRUCTION.

The constitutional basis for the creation and independence of the Board of Trustees of Michigan State University requires that, in the absence of a violation of the constitution or public policy, deference be given to its judgment as to the wisdom of ordinances enacted within its authority (Const 1963, art 8, § 5).

*Glassen, Rhead, McLean & Campbell* (by *N. A. McLean*), for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile* (by *Robert M. Vercruysse* and *Leonard M. Niehoff*), for defendant.

Before: GRIBBS, P.J., and WEAVER and C. H. MORCOM,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of summary disposition entered in favor of defendant upholding an ordinance prohibiting fishing on university land.

Plaintiff Michigan United Conservation Clubs is a Michigan nonprofit corporation representing various Michigan hunting and fishing clubs. Plaintiff Ronald England is a Michigan State University student interested in stream fishing. Defendant board of trustees is a constitutionally created body with general supervision over Michigan State University. Const 1963, art 8, § 5.

* Circuit judge, sitting on the Court of Appeals by assignment.

On May 10, 1985, plaintiffs filed their complaint in circuit court seeking a judgment declaring Ordinance 49, promulgated by defendant, to be invalid. Ordinance 49 provides:

> All lands and water under control of and governed by said Board are designated as a wildlife, fish and bird sanctuary and the shooting or taking or molesting of birds, fish or wildlife is hereby prohibited.

A portion of the Red Cedar River runs through MSU property. Plaintiffs sought to prohibit defendant from enforcing the ordinance so as to preclude plaintiffs from fishing in the river from banks on MSU property.

In its opinion issued on the parties' cross-motions for summary disposition, the circuit court held that defendant had the authority to prohibit fishing from the river banks and to restrict access to the river from MSU land. However, because the Red Cedar River is a navigable waterway, the court held that defendant could not regulate fishing in the river by persons who gained access off of MSU land. The court also held that enactment of Ordinance 49 was neither arbitrary nor capricious, but was within the defendant's constitutional and statutory authority and a valid exercise of control by defendant over activities on MSU land.

The issues raised and arguments made on appeal are essentially identical to those before the circuit court.

Const 1963, art 8, § 5 gives defendant the power to control and manage MSU property to the exclusion of all other state departments. *Weinberg v The Regents of the University of Michigan,* 97 Mich 246, 254-255; 56 NW 605 (1893); *The William C Reichenbach Co v Michigan,* 94 Mich App 323,·

335; 288 NW2d 622 (1979). Defendant is an independent authority possessing power coordinate with and equivalent to the Legislature within the scope of its function. *Bd of Regents of the University of Michigan v Auditor General,* 167 Mich 444, 450; 132 NW 1037 (1911); *Schmidt v Regents of the University of Michigan,* 63 Mich App 54, 55; 233 NW2d 855 (1975), lv den 395 Mich 771 (1976). Defendant has statutory authority to manage its property to promote any of the objects for which the university is created, and has plenary power to adopt ordinances it deems necessary for the operation of MSU and to promote the university's objectives. MCL 390.106; MSA 15.1126.

The stated objectives behind Ordinance 49 are the maintenance of landscaping on the banks of the river, prevention of further erosion of the area surrounding the river, and use of the river and its banks as an educational tool. Contrary to plaintiffs' contention, the enactment of the ordinance is within the constitutional and statutory authority given to defendant to control and manage MSU property and to promote the objectives of the university.

Plaintiffs' second argument is somewhat difficult to discern. Plaintiffs essentially challenge defendant's determination that open fishing from the banks of the Red Cedar River on MSU property would have a serious detrimental impact on the environment and upon the educational uses of the river and its surrounding area. Just as where the relation between a statute and the public welfare is debatable, courts must defer to the Legislature's judgment. *Grocers Dairy Co v Dep't of Agriculture Director,* 377 Mich 71, 76; 138 NW2d 767 (1966). The constitutional basis for the creation and independence of defendant board of trustees requires that we defer to its judgment as to the wisdom of

ordinances enacted within its authority. We will interfere with university control only if the challenged action violates public policy or is unconstitutional. *William C Reichenbach Co, supra.*

Plaintiffs suggest that the ordinance is unconstitutional on due process or equal protection grounds, alleging that the ordinance does not bear a reasonable relation to the objectives of maintaining the natural environment and preserving an educational resource. In support of their position, plaintiffs presented the affidavit of Ned Fogle, a Department of Natural Resources biologist. Even accepting Mr. Fogle's allegations as true, we do not believe that summary disposition was improperly granted to defendant. For plaintiffs to have succeeded on this argument, plaintiffs would have had to demonstrate that the prohibition on fishing bore no reasonable relationship to the stated objectives. *People v Zimberg,* 321 Mich 655, 663; 33 NW2d 104 (1948); *McDonald Pontiac-Cadillac-GMC, Inc v Saginaw Co Prosecuting Attorney,* 150 Mich App 52, 58-59; 388 NW2d 301 (1986), lv den 426 Mich 867 (1986), cert den — US —; 108 S Ct 86; 98 L Ed 2d 48 (1987). We are persuaded from our review of the pleadings and affidavits, including Mr. Fogle's affidavit, that plaintiffs would not have been able to sustain their burden of demonstrating that Ordinance 49 lacked a reasonable basis.

Plaintiffs finally argue that Ordinance 49 is violative of public policy. Plaintiffs argue that Ordinance 49 violates the state public policy of encouraging open fishing in navigable waters, as embodied in MCL 307.41; MSA 13.1681. The right to fish in navigable waters, however, does not carry with it the right to trespass upon the land of a riparian owner. *Delaney v Pond,* 350 Mich 685, 687; 86 NW2d 816 (1957). The circuit court found

that, although Ordinance 49 prohibited fishing from river banks and other access areas on MSU land, the ordinance could not be used to prevent the public from fishing in the river where access had been gained off of MSU land. Ordinance 49, as construed by the circuit court, promotes, rather than violates, the public policy of encouraging open fishing in navigable waters.

We also reject plaintiffs' contention that the ordinance violates established public policy by allowing defendant to evade MCL 317.202; MSA 13.1142, which requires application to the conservation commission of the Department of Natural Resources for the dedication of lands owned by the State of Michigan for the purpose of a wildlife sanctuary. Under plaintiffs' proposed interpretation of the statute, the Department of Natural Resources would be substituted for the board of trustees as the manager of MSU land, thereby violating the exclusive control over MSU land granted to defendant by Const 1963, art 8, § 5. *Weinberg, supra.*

Accordingly, we affirm the circuit court's order of summary disposition in favor of defendant.

Affirmed.